In re the MARRIAGE OF Clarence James CONRADSON, Appellant,

and

Madeline Ann Cavenagh (formerly Conradson), Appellee,

and Concerning

Shelley Conradson, Minor Child-Appellee.

No. 78–1168.

Colorado Court of Appeals, Div. III.

Dec. 13, 1979.

Warren & Oliver, Bruce W. Warren, Niwot, for appellant.

No appearance for appellee and minor child-appellee.

VAN CISE, Judge.

In a dissolution of marriage action, Clarence James Conradson (the father) appeals an order requiring him to make monthly support payments to his 15-year-old daughter who is living with her aunt. Except for the portion of the order requiring that payments be made directly to the daughter, we affirm.

In 1974, following the dissolution of the marriage between Clarence and Madeline Conradson (the father and mother) and pursuant to a stipulation and order, the father was awarded custody of the daughter Shelley. In 1976, Shelley left her father's home and went to live with her aunt, Virginia Conradson. In 1978, an attorney was appointed by the court to represent Shelley. The attorney, as *guardian ad litem* for Shelley, filed a motion in the dissolution action requesting that the father be required to make support payments for Shelley's benefit to the aunt and to reimburse the aunt for certain expenses incurred for Shelley.

The evidence at the hearing was that the father at all times was willing and able to support Shelley in his home, but that, of her own free will, she left and moved in with her aunt. The cost to the aunt in providing for Shelley's needs was at least $177 per month, exclusive of medical or dental bills. Except for nominal amounts of cash and

medical insurance coverage, the father has made no contributions to Shelley's support since she has been living with her aunt. Shelley has been working full time during the summers and part time during the school years, and claimed her earnings were being saved for her college education. The aunt neither requested nor received any financial assistance from the father or mother, and was not a party in this proceeding. No change of custody has been sought.

At the conclusion of the hearing, the court ordered the father to pay directly to Shelley $100 per month for her support plus $525 in arrearages from the date of filing the motion, plus her attorney fees and costs.

On appeal, the father contends that his motion to dismiss should have been granted because the dissolution of marriage statutes do not authorize the child to institute proceedings in the dissolution action to obtain support from the custodial parent. We do not agree.

Here, the father was the "custodial parent" by virtue of a stipulation and court order. However, for more than two years she has not in fact been in his custody, but instead has actually been in the custody of the aunt.

Under § 14–10–116, C.R.S. 1973, the court is authorized, on motion of either party or, as here, on its own motion, to appoint an attorney to represent the interests of a minor child with respect to his custody, support, or visitation. Section 14–10–115, C.R.S. 1973, provides that the court may order either or both parents "to pay an amount reasonable or necessary for his support," and imposes no restriction as to whom the payment is to be made. In light of these statutes, we hold that Shelley had standing to seek support for herself in this dissolution of marriage action.

The father also contends that the court erred in refusing to admit evidence concerning the arrangements under which Shelley lived with her aunt and the financial circumstances of the aunt. We agree with the trial court.

Even assuming that the aunt consented to the arrangement and that she is capable financially of supporting Shelley without help from the father, evidence as to such matters is irrelevant. The child support statute, § 14–10–115, C.R.S. 1973, provides for support to be paid by "either or both parents owing a duty of support." It cannot be disputed that the father owes a duty of support. *McQuade v. McQuade*, 145 Colo. 218, 358 P.2d 470 (1960). The factors to be considered in making a support award do not include the financial resources of a non-parent with whom the child is living.

It is apparent that the court considered the financial resources of the child and of the father, since the $100 per month awarded was less than the minimum cost of support. The amount of the award was reasonable under the circumstances.

We note that the court ordered the payments to be made directly to the 15-year-old girl. The order should be modified so that the payments will be made to an adult designated by the court for that purpose.

Except as above modified, the order is affirmed, and the cause is remanded for the modification to be made in the order.

SMITH and STERNBERG, JJ., concur.