In re the MARRIAGE OF Terrence L. FAIN, Appellant,

and

Jacki E. Fain, Appellee.

No. 89CA0282.

Colorado Court of Appeals, Div. VI.

June 7, 1990.

Arthur Bosworth & Associates, P.C., Robert L. Clinton and Arthur H. Bosworth, II, Denver, for appellant.

Robert T. Page and John E. Fitzgibbons, Denver, for appellee.

Opinion by Justice HODGES *.

Terrence L. Fain (husband) appeals the permanent orders entered upon the dissolution of his marriage to Jacki E. Fain (wife). The major issue raised is whether the payments which husband receives as a result of a structured settlement of a personal injury claim are income under the child support guidelines. And, as a corollary, if these payments are income for the purpose of the guidelines, may the court impute an additional amount to this income because it is tax free. We affirm in part and reverse in part.

Prior to his marriage and while working for his employer, husband suffered spinal injuries in a helicopter crash which left him paralyzed from the waist down. As a result of these injuries and military service injuries, husband receives social security disability and veterans' administration disability payments totalling $903 per month. In addition, from his plane crash injury settlement, he receives semi-annual payments of $22,400. None of these payments are taxed by the Internal Revenue Service or the State of Colorado. These benefits, having arisen from injury claims prior to the marriage, were treated by the trial court as the husband's separate property for property division purposes.

I.

■ First, husband asserts that his child support obligation should be determined based only on his social security and veterans' administration disability payments. He argues that his payments from his personal injury settlement constitute property

and, hence, are not income for child support purposes. We disagree.

Under the holding of *In re Marriage of Fields*, 779 P.2d 1371 (Colo.App.1989), an unliquidated personal injury claim arising during the marriage is marital property and any future benefits to be received therefrom may be divided by the trial court on a percentage basis. We reject the husband's argument that the *Fields* case impliedly is authority for his contention that the plane crash injury payments he receives are his separate property and that they may not, therefore, be considered in determining the amount of his child support payments. Unlike the situation in *Fields*, the issue here is not what may or may not be marital property for property division purposes. The issue rather is whether these payments are a financial resource of the husband that may be considered in setting the amount of his child support payments.

Section 14–10–115(7)(a)(I)(A), C.R.S. (1987 Repl.Vol. 6B) provides that "gross income" includes "income from any source and includes, but is not limited to ..." the items specifically enumerated therein. Therefore, although social security benefits and disability benefits are expressly included as "gross income," § 14–10–115(7)(a)(I), by its plain language, also includes all payments from a financial resource, whatever the source thereof. In addition, the more specific definition of "gross income" in § 14–10–115 prevails over other definitions for federal and state income tax purposes. *See* § 2–4–205, C.R.S. (1980 Repl.Vol. 1B).

While the General Assembly expressly excluded certain benefits from the definition of "gross income," *see* § 14–10–115(7)(a)(I)(B), C.R.S. (1986 Repl. Vol. 6B), the statute does not provide an exclusion for personal injury benefits. Therefore, we agree with the trial court that husband's personal injury settlement payments are a financial resource that constitutes "gross income" under the child support guidelines.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

## II.

Alternatively, husband maintains that the trial court abused its discretion when, in applying the child support guidelines, it attributed to him a "gross income" greater than the actual monthly amount he receives. Here, the trial court found that the combined monthly amount of husband's disability and personal injury payments, totalling $4,646, was a net amount. Therefore, because this amount was not subject to Federal or Colorado income tax, the court imputed to husband a monthly gross income of approximately $6,000 and used this figure in calculating child support under the guidelines.

We agree with the trial court that the General Assembly intended that persons in like situations pay similar amounts of child support. See § 14–10–115(3)(c), C.R.S. (1987 Repl.Vol. 6B). However, we disagree that this policy supports the conclusion that husband's monthly receipt of $4,646 is a net amount thereby justifying an extrapolation from that amount to determine husband's gross income. Rather, for purposes of application of the child support guidelines, we conclude that husband's actual gross income is $4,646.

Our task in statutory construction is to ascertain and give effect to the intent of the General Assembly. In doing so, we must first look to the language of the statute itself. People v. Guenther, 740 P.2d 971 (Colo.1987).

The child support guidelines provide for the determination of a parent's potential income when such parent is voluntarily unemployed or underemployed. See §§ 14–10–115(7)(a) and 14–10–115(7)(b), C.R.S. (1987 Repl.Vol. 6B). However, if a parent is otherwise employed to full capacity, "gross income" means "actual gross income of a parent." Here, husband does not, strictly speaking, fit into either category. However, he is clearly not voluntarily unemployed or underemployed. In the face of such statutory silence, we must search for other indications of legislative intent. See People v. Morgan, 785 P.2d 1294 (Colo.1990).

Selection of gross income as the starting point for a determination of child support greatly simplifies application of the guideline in most cases. It substantially reduces the need for computations and the potential for error, by court personnel, attorneys, and parties and can be applied with limited information. Hence, such simplicity is a strong argument for use of gross income as a base for a child support formula. R. Williams, Development of Guidelines For Child Support Orders: Final Report, II–41 (National Center for State Courts March 1987).

In contrast, the equity of using net income has been questioned because of the differences that can arise from the diversity of tax deductions which may apply in a particular case. See Final Report, supra, at II–41–3.

Use of the word "actual" in the statute when referring to the gross income of a parent who is not unemployed or underemployed is significant. See In re Marriage of Van Inwegen, 757 P.2d 1118 (Colo.App. 1988). In our view, the relevant statutes do not authorize a court to impute a gross income. Rather, they reflect the legislative intent that gross income is to be the base upon which to establish the child support guidelines.

Hence, since we conclude that husband's actual monthly gross income is $4,646, it is necessary to remand this matter to the trial court for a redetermination of child support. Of course, the court within its discretion may deviate from the guideline after consideration of husband's ability to meet his medical expenses and court-ordered debt-payments while also paying the presumptive amount of support calculated by application of the guideline. See In re Marriage of Fields, supra.

We have considered husband's other contentions of error and find them to be without merit.

The judgment as it pertains to the amount of child support is reversed, and the cause is remanded to the trial court for entry of an order for child support consistent with the views expressed herein. In all other respects, the judgment is affirmed.

The current order of support shall remain in effect pending further disposition in the trial court.

KELLY, C.J., and ENOCH,* J., concur.

