In re the **MARRIAGE OF William E. ARMSTRONG, Appellant,**

and

**Deborah B. Armstrong, n/k/a Deborah B. Gallegos, Appellee.**

**No. 90CA1915.**

Colorado Court of Appeals,
Div. I.

April 23, 1992.

White & Pickard, Mary Ray White, Doris A. Waters, Denver, for appellant.

Timothy B. Walker, P.C., Timothy B. Walker, Littleton, for appellee.

Opinion by Judge PIERCE.

William Armstrong (husband) appeals an order of the trial court increasing his child support obligation. The issue raised is whether the income that an inheritance reasonably could be expected to generate is a financial resource constituting gross income for the purpose of calculating child support. We conclude that such income is to be considered in determining child support, and as a result, we affirm in part and reverse in part.

The marriage between husband and Deborah B. Gallegos (wife) was dissolved in 1982. At that time, the parties agreed that husband would pay $400 per month as child support for the parties' two sons. Thereafter, as a result of a disclaimer with conditions by his mother, husband received a $395,000 inheritance, and wife sought to increase child support based upon the increased needs of the child and husband's ability to pay additional support.

The trial court found that, from his inheritance, husband had paid the $140,000 mortgage on his residence, established a $30,000 investment account for himself, repaid an obligation to his parents in the amount of $32,000, conveyed to his parents $20,000, gave his current wife a gift of $40,000, set up income accounts which totalled $16,700 for the minor children, and continued to maintain real estate investments and various business ventures which, according to his expert, had not been financially profitable or advisable. Accordingly, the trial court found that the inheritance was not "gone," but rather, that husband had changed its nature or character.

The trial court noted that, had the marriage not been dissolved, the amount of husband's inheritance would have been available for the support of his children. The court, therefore, determined that the income which the inheritance could be expected to generate, within a reasonable degree of accounting, must be considered as a financial resource or income for purposes of determining child support.

The court reasoned that use of the income for determining the amount of child support without invasion of the principal allows the corpus to be used during the minority of the children and to be freed for use by husband once the child support obligation is extinguished, either through emancipation or when the children reach the age of majority.

Based on the expert testimony presented, the trial court further found that nine percent would be a reasonable rate of return on the inheritance without invading principal. Thus, it concluded that the inheritance could be expected to generate approximately $2,962 per month.

The court also found that husband's income is $4,962 ($2,962 plus $2,000) per month and wife's income is $1,998. Implicit therein is the determination that husband was earning $2,000 from his self-employment. In accordance with § 14–10–115, C.R.S. (1987 Repl.Vol. 6B), the trial court ordered that husband pay child support in the amount of $754.69 per month, plus a portion of the arrearages created by the court's decision that such modification should be made retroactive to the date of wife's motion to modify.

### I.

■ Husband first contends that the trial court erred in determining that his one-time post-decree inheritance is a financial resource that constitutes gross income for the purpose of calculating and modifying child support. He argues that inherited funds are not considered "gross income" for either federal or state income tax purposes and, therefore, should be treated in the same manner under the child support guidelines. We disagree.

By the plain language of § 14–10–115(7)(a)(I)(A), C.R.S. (1987 Repl.Vol. 6B), "gross income" includes all payments from a financial resource, whatever the source thereof. *In re Marriage of Fain,* 794 P.2d 1086 (Colo.App.1990) (personal injury settlement payments are a financial resource that constitutes "gross income" under child support guidelines). *See also In re Marriage of Baroni,* 781 P.2d 191 (Colo.App. 1989).

Furthermore, a source of income under the child support guidelines is not determined by other definitions which may be used for federal or state income tax purposes. *In re Marriage of Fain, supra.* Thus, we hold that the trial court correctly included as part of husband's income, a sum that the inheritance could be expected to have yielded. However, as set forth below, we do not agree as to the amount of the inheritance which should be included for the purpose of support calculations.

### II.

■ Husband also contends that the trial court erred in "imputing" income to him based upon a non-existent financial resource. We are not persuaded.

Here, expert testimony established that husband's inheritance was an asset which could generate income for the general welfare of his family. Furthermore, husband's expert acknowledged that husband's monthly debts had been reduced and, consequently, his income had been increased by using the inheritance to pay off significant debts, including the mortgage on husband's residence. Thus, the evidence supports the inclusion of an amount per month as imputed income from his inheritance.

We do agree with husband, however, that there are items included in his total inheritance of $395,000 which should not be included for purposes of computing the total amount of his monthly income for support purposes.

The $140,000 to pay off his mortgage, the $32,000 payment for the outstanding loan balance due to his parents, and the $20,000 conveyance to his parents were all sums required to be paid out by him as a condition to his receipt of the inheritance. The choice was not his. The sum of $16,700 deposited in the Boettcher accounts for the benefit of the children is a sum in his sole discretion as to how much, if any, is disbursed so it is not committed to their present support.

Therefore, the sum of $192,000 should be deducted from the $395,000, leaving $203,000 that should be used as a base to calculate (with his other income) the amount available for determining monthly income for support purposes.

### III.

■ Finally, husband asserts that the court impermissibly interfered with his constitutionally protected property rights. However, inasmuch as the trial court did not order that husband acquire, possess, use, enjoy, improve, or dispose of his assets in any particular manner, this argument is without merit.

The part of the order determining that the inheritance could be considered in determining child support is affirmed. That part of the order determining the amount of income from the inheritance to be attributed to husband for purposes of child support is reversed, and the cause is remanded for a redetermination of the amount of the child support obligation of husband. The existing child support order shall remain in effect until such new order is entered with husband to receive credit for any resulting

overpayment from the date of the prior order.

TURSI and REED, JJ., concur.