THIGPEN, Judge.
This is a child support case.
In 1992, the trial court entered a judgment finding that Bruce Bottoms was the father of Carol T. Whitlock’s minor child born out of wedlock in February 1990. The court ordered Bottoms to pay $80 per month child support, expressly stating in its judgment that it did not apply the child support guidelines of Rule 32, Ala.R.Jud.Admin., because Whitlock was unemployed. The State, on behalf of Whitlock, filed a post-judgment motion, which the court denied after a hearing. In its order denying the post-judgment motion, the trial court, inter alia, made the following findings: that Bottoms is responsible for the support and maintenance of the three minor children of his 20-year marriage, that Bottoms’s gross income was established by testimony to the satisfaction of the court, and that Whitlock had been unemployed since August 1990. The State, on behalf of Whitlock, appeals.
The dispositive issue on appeal is whether the trial court erred by not applying the child support guidelines of Rule 32, Ala.R.Jud.Admin., in establishing the order of child support.
Actions concerning child support, although guided by the mandatory application of Rule 32, Ala.R.Jud.Admin., are still committed to the sound discretion of the trial court, and its decision on such matters will not be disturbed on appeal absent a palpable abuse of discretion. Peck v. Peck, 581 So.2d 1119 (Ala.Civ.App.1991); Belser v. Belser, 558 So.2d 960 (Ala.Civ.App.1990). The amount of support that would result from the application of the guidelines is presumed to be the correct amount of child support. Rule 32(A), Ala.R.Jud.Admin. This presumption may be rebutted if the trial court makes a finding of fact that, based upon the evidence presented, the application of the guidelines would be manifestly unjust or inequitable. Rule 32(A), Ala.R.Jud.Admin.; Peck, supra.
*2 The comments to Rule 32, Ala.RJud.Ad-min., state that “[t]he guidelines will provide an adequate standard [of] support for children, subject to the ability of their parents to pay.” A parent’s inability to pay child support is a proper basis for deviating from the guidelines. Stewart v. Kelley, 587 So.2d 384 (Ala. Civ.App.1991).
Whitlock testified regarding her employment status and her expenses. She further testified that she had had several surgeries in 1992, and that she was receiving financial assistance from government programs. Bottoms testified regarding his 20-year marriage, his family, which included the three children of that marriage, and a wife who was unemployed. He further testified that his gross income was approximately $28,000 annually.
The State submitted alternative child support guideline forms to the court. The first form allows deductions for preexisting child support for Bottoms’s three minor children by his marriage and for his family health insurance, resulting in a support obligation of $243. The second form allows the same deductions, imputes minimum-wage income and childcare costs for Whitlock, and results in a support obligation of approximately $327.
The trial court stated in its initial order that it did not apply the guidelines because the mother was unemployed, and it determined Bottoms’s support obligation to be $80 monthly. In denying the post-judgment motion, the trial court entered an order stating several reasons for deviating from the guidelines, including, inter alia, Whitlock’s unemployment, Bottoms’s current financial condition, and Bottoms’s obligation, and provision of support, to his wife of 20 years and his three children of that marriage. The trial court could properly consider evidence regarding Bottoms’s financial obligations in determining that “the application of the guidelines would be manifestly unjust or inequitable.” Rule 32(A)(ii), Ala.R.Jud.Admin. See Loggins v. Houk, 595 So.2d 488 (Ala.Civ.App.1991).
The trial court specifically found that the amount of child support ordered “is fair, just and equitable given [Bottoms’s] gross income and his obligation of support of his current wife and three minor children for which he is legally responsible and is actually providing support for at this point in time,” and “that application of the Guidelines would be manifestly unjust or inequitable.” Even if this court may have decided differently, absent an abuse of discretion the law does not permit us to substitute our judgment for that of the trial court. See Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985). We find no abuse. We note, however, that the trial court has continuing jurisdiction over matters of child support, and that its judgment may be modified in the future as the result of changed circumstances. Hannah v. Hannah, 582 So.2d 1125 (Ala.Civ.App.1991).
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.