### In re the MARRIAGE OF Linda Marie TESSMER, Appellee,

### and

### George Walter Tessmer, Appellant.

### No. 94CA1013.

Colorado Court of Appeals, Div. IV.

April 27, 1995.

As Modified on Denial of Rehearing June 1, 1995.

Certiorari Denied Oct. 10, 1995.

Frank A. Natchez, P.C., Frank A. Natchez, Colorado Springs, for appellant.

Otto, Miller & Davidson, Paula Miller, Colorado Springs, for appellee.

Opinion by Judge RULAND.

In connection with the dissolution of his marriage to Linda Marie Tessmer (mother), George Walter Tessmer (father) was ordered to pay child support for the parties' two minor children. In this post-dissolution proceeding, father appeals the order of the trial court modifying his child support obligation. We affirm.

Following entry of the dissolution decree, father was involuntarily retired from the United States Air Force, and he filed a motion to reduce his support obligation. After a hearing, the trial court found that father's retirement constituted a substantial and continuing change of circumstances and that modification of child support was appropriate.

The court then redetermined father's child support obligation based upon his current income which consisted of military retirement pay. In ascertaining the income of father and mother, the court also included interest or dividend accruals to the Individual Retirement Account (IRA) of each.

## I.

■ Father contends that the trial court erred as a matter of law in including in his gross income for child support purposes the interest or dividends credited to, but not withdrawn from, his IRA. This contention presents an issue of first impression under the Colorado statute governing calculation of child support. We concur with the trial court's ruling.

The basic child support obligation is determined by applying the statutory schedule set forth in § 14-10-115(10)(b), C.R.S. (1994 Cum.Supp.) to the combined gross income of the parents. The determination of parental income is based upon § 14-10-115(7)(a), C.R.S. (1994 Cum.Supp.), which provides:

> For the purposes of the [child support guideline] 'income' means actual gross income of a parent, if employed to full capacity, or potential income, if unemployed or underemployed. Gross income of each parent shall be determined according to the following guidelines:
>
> (I)(A) 'Gross income' includes income from any source and includes, but is not limited to, income from salaries, wages, including tips calculated pursuant to the federal internal revenue service percentage of gross wages, commissions, bonuses, *dividends,* severance pay, pensions, *interest,* trust income, annuities, capital gains, social security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, gifts, prizes, and alimony or maintenance received. Gross income does not include child support payments received.

(emphasis supplied)

Thus, when, as here, a parent is deemed fully employed, "gross income" means "actual gross income." *See In re Marriage of Fain,* 794 P.2d 1086 (Colo.App.1990). However, contrary to father's contention, in our view use of the word "actual" in the statute does not limit gross income to that "actually received." Hence, we also disagree with his contention that, until he withdraws interest or dividends from his IRA, those funds may not be included for purposes of determining gross income.

■ Our primary task in construing a statute is to determine and give effect to the intent of the General Assembly. *Jones v. Cox,* 828 P.2d 218 (Colo.1992). To determine that intent, a court should look first to the language of the statute. *People v. District Court,* 713 P.2d 918 (Colo.1986). If the language and intent of the General Assembly may be discerned with reasonable certainty, the statute must be applied as written. *Wills v. State of Colorado,* 821 P.2d 866 (Colo.App.1991).

Here, the statute reflects a general legislative intent to make available for consideration as sources for payment of child support income from "any source" with interest and dividends being among those sources specifically enumerated. *See In re Marriage of Armstrong,* 831 P.2d 501 (Colo.App.1992) (the statute includes gross income imputed to an inheritance). The statute then enumerates the sources of public assistance income which must be excluded. Section 14-10-115(7)(a)(I)(B), C.R.S. (1994 Cum.Supp.). Therefore, we initially presume that, had the General Assembly determined to limit consideration of interest or dividends in the determination of gross income based upon the source, it would have done so. Not having done so, we conclude that interest and dividends attributable to an IRA must be included whether accessible without payment of a penalty or not.

Father's reliance upon the definition of "actual" in *Webster's 9th New Collegiate Dictionary* 54 (1986), as "existing in fact and not merely potentially" is misplaced. Father's decision not to withdraw interest or dividend payments from his IRA because of penalties or adverse tax consequences does not thereby render the income "potential." We conclude that such a construction would frustrate the legislative intent and purpose by allowing a parent to shield income from the calculation of child support.

Consequently, we perceive no error in the trial court's conclusion that father's "actual gross income" included interest or dividends which had accrued to his IRA but which he had not withdrawn.

## II.

■ Father also contends that inclusion of IRA accruals in gross income for child support purposes unfairly impacts the noncustodial parent, unnecessarily complicates computations, creates adverse tax consequences, and conflicts with public policy favoring preparation for retirement. Thus, in effect, father asserts that the trial court abused its discretion in not deviating from the child support guidelines in order to avoid calculating child support based upon this source of interest and dividends. Based upon the limited record before us, we perceive no such abuse.

■ The child support guideline establishes a rebuttable presumption of the child's reasonable needs and the manner in which basic and extraordinary support is to be divided between the parents. The court may deviate from this guideline if the application would be inequitable, unjust, or inappropriate. However, if it does so, the court must make specific findings to support any deviation. Section 14–10–115(3)(a), C.R.S. (1994 Cum.Supp.); *In re Marriage of Miller,* 790 P.2d 890 (Colo.App.1990).

We find no authority, and the parties cite none, which indicates that the trial court is precluded from applying its discretion to the economic circumstance presented here. *Cf. In re Marriage of Jones,* 812 P.2d 1152 (Colo.1991) (trial court has discretion in division of property to determine the weight to apply to the economic circumstance presented by undistributed trust income).

Further, other jurisdictions have specifically applied this standard when considering the economic circumstance presented by income not physically possessed or controlled by a party. *See, e.g., Parzynski v. Parzynski,* 85 Ohio App.3d 423, 620 N.E.2d 93 (1992) (while statute allows trial court to deviate from child support guidelines, such deviation is determined after the child support obligation is calculated, not in the trial court's computation of a party's gross income).

We conclude that the broad discretion of the trial court to make well-founded deviations from the child support guideline encompasses consideration of the economic circumstance presented here. Having so concluded, we consider whether the record in this case reflects any abuse of the court's discretion.

That record consists of the court file, certain exhibits reflecting father's efforts to secure employment, various financial records, and an abbreviated transcript of the hearing. The content of the transcript is limited to closing arguments and the order of the trial court followed by brief comments by counsel.

The trial court found no basis in the record to deviate from the guideline "given the financial circumstances of the parties." Accordingly, the guideline was applied to the parties' combined gross incomes, including for each the income derived from their respective IRAs.

■ Although closing arguments presented by counsel imply the presentation of evidence concerning the impact of inclusion of the IRA accruals, that evidence is not before us. We are bound by the record presented and may not consider arguments and assertions not supported by evidence in the record. *See In re Marriage of Beckman,* 800 P.2d 1376 (Colo.App.1990). Accordingly, we must presume that the record supports the determination of the trial court that deviation from the support guideline in this case was not justified.

## III.

Finally, contrary to father's assertion, the record before us reveals no abuse of the trial court's discretion in failing to award attorney fees. *See* § 14–10–119, C.R.S. (1987 Repl. Vol. 6B); *In re Marriage of Renier,* 854 P.2d 1382 (Colo.App.1993).

Further, we perceive no basis for an award of attorney fees to either father or mother on appeal pursuant to C.A.R. 38(d).

The order is affirmed.

PLANK and NEY, JJ., concur.