689 So.2d 165 (1996)
Emory Alec ENNIS, Jr.
v.
Rhonda Jean Ennis VENABLE.
2950658.
Court of Civil Appeals of Alabama.
December 20, 1996.
Kathryn McC. Harwood, Tuscaloosa, for Appellant.
No brief filed for Appellee.
THIGPEN, Judge.
This case involves child support.
*166 Emory Alec Ennis, Jr., and Rhonda Jean Ennis Venable were divorced in October 1989 in Georgia. The Georgia divorce judgment incorporated an agreement between the parties regarding, among other things, custody and child support. After the divorce, the wife moved to Alabama, and, in April 1995, she filed a petition for modification, requesting an increase in the father's child support obligation. In March 1996, the trial court increased the father's monthly child support obligation; hence, he appeals.
The only issue on appeal is whether the trial court, in setting a child support amount, improperly determined the father's "gross income" under Rule 32, Ala.R.Jud.Admin. The father contends that the trial court should have used only the wages that were reported on his W-2 form and that were subject to income tax liability. The trial court had determined that the father's gross income also included deferred income paid into his qualified retirement plan, upon which the father's income taxes have been deferred. The father argues that because Rule 32 provides for use of the parents' tax returns to supplement evidence of income, the guidelines were not intended to include tax-deferred income in income calculations.
Initially, we note the presumption afforded the trial court in matters regarding child support. Although guided by the mandatory application of Rule 32, Ala.R.Jud.Admin., these matters are still committed to the sound discretion of the trial court, and its judgment on these matters will not be disturbed on appeal absent a palpable abuse of that discretion. State ex rel. Whitlock v. Bottoms, 651 So.2d 1 (Ala.Civ.App.1994).
While we find no cases in which Alabama courts have specifically addressed the question whether payments into a retirement plan on which taxes are deferred, are excluded from gross income, the intent of our legislature is apparent. Rule 32(B)(1) and (2), Ala.R.Jud.Admin., provides that, for purposes of the child support guidelines, "income" means actual gross income of a parent, and "gross income" includes income from any source. Additionally, this court has stated on previous occasions that a divorced parent's obligation to contribute to the support of his or her minor children is not based solely on his or her wages, but may also be based on income derived from other sources. Barnes v. State ex rel. Cassady, 636 So.2d 425 (Ala.Civ.App.1994); State ex rel. Smith v. Smith, 631 So.2d 252 (Ala.Civ.App.1993).
In part, the guidelines were founded on the premise that the same level of support should be available to children of divorce after the dissolution of the family unit as there was before. Committee Comments, Rule 32, Ala.R.Jud.Admin. Nothing in the record indicates that these deferments are not voluntary. While we appreciate the ultimate tax effect of permitting a wage earner to contribute toward a retirement plan, as determined by the Internal Revenue Service, we are also mindful that allowing a parent to exclude deferred income from calculations of child support income on which taxes have been deferred could frustrate the legitimate purpose of the support orders; it would permit a parent charged with a duty of support to lower the amount that would be subject to a support order.
We find no error in the trial court's determination that the father's gross income includes income paid into his qualified retirement plan, on which taxes have been deferred.
Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, and MONROE, JJ., concur.
CRAWLEY, J., concurs specially.
CRAWLEY, Judge, concurring specially.
I agree with the majority that the portion of the father's gross income which is voluntarily placed in his 401(k) retirement plan is to be included in his gross income for purposes of calculating his child support obligation; however, I would not hold as a matter of law that voluntary contributions to a retirement plan, or deferred income, is included in gross income for calculating a parent's child support obligation. I would apply *167 factors on a case-by-case basis such as whether the parent has been making voluntary deferments during the marriage, and, therefore, that income has not been used for current family support; or whether the parent started deferring income after the divorce in an attempt to reduce his or her disposable income. Other relevant factors would be the percentage of income being deferred and the reasonableness of the amount of the deferred income.