In re the MARRIAGE OF Carol Lynn
LAUGHLIN, Appellee,

and

Robert D. Laughlin, Appellant.

No. 95CA1725.

Colorado Court of Appeals,
Div. I.

Jan. 23, 1997.

Jane E. Freeman, Colorado Springs, for Appellee.

Law Offices of Kelly A–R McCurley, Kelly A–R McCurley, Monument, for Appellant.

Opinion by Judge ROY.

In this post-dissolution of marriage proceeding for modification of child support, Robert D. Laughlin (father) appeals from the trial court's order refusing to modify his child support obligation and from the award of attorney fees to Carol Lynn Laughlin (mother). We vacate the order and remand for further proceedings.

The six-year marriage of the parties was dissolved by decree on July 9, 1985. The court granted joint custody of the parties' two minor children and designated mother as the primary residential custodian. Father was ordered to pay child support in the amount of $1,100 a month.

Father moved to reduce his child support obligation after the parties' eldest child elected to live with him in October of 1994. The child resided with him until May 1995 when she returned to mother's home and remained there through the hearing in this matter.

Father also sought a reduction in child support based on changed economic circumstances. During and after the marriage, father was self-employed as the owner of physical therapy clinics. In September of 1992, he and his partner sold their business and father became a salaried employee of the purchaser. Later, however, he left his employment and concentrated on a home product distribution business in collaboration with his current spouse.

The primary issue at the hearing related to father's income for child support purposes. After hearing testimony regarding the income of both mother and father, the trial court calculated a new support obligation pursuant to the statutory guideline. The trial court's calculation resulted in less than a ten percent change from the original support obligation imposed in the original decree. Consequently, the trial court found no substantial and continuing change of circumstances requiring a modification and ordered that father continue paying child support in the amount of $1,100. However, the trial court did reduce father's support payment for the months that his daughter resided with him.

In addition to the child support ordered, the trial court also awarded mother $1,000 in attorney fees.

### I.

Father initially asserts that the trial court erred in several respects in its determination of child support. We agree that the trial court's calculation of father's income was in error and, therefore, conclude that remand is necessary.

### A.

Father first argues that the trial court improperly credited him with a $200,000 capital gain from the sale of his clinic and further erred by attributing income of $1,200 per month to those funds though these proceeds had been spent long before the proceedings in this matter. We disagree with this contention.

■ "Gross" income for purposes of calculating child support can include the amount of income an asset could reasonably be expected to generate even if that asset has been consumed prior to the support determination. *See In re Marriage of Armstrong,* 831 P.2d 501 (Colo.App.1992).

■ Here, father testified that he received a "couple hundred thousand dollars" in cash proceeds from the sale of his business and that these funds were expended on an addition to his residence that cost between $110,000 and $120,000, and to pay off second and third mortgages on the residence which totalled $105,000. Father also testified that the cash received for the sale of the business approximated $480,000 from which he paid his partner $120,000 for his share, leaving him an amount of $360,000. Father's 1992 personal income tax return reported net capital gains income of $163,000 after applying capital loss carry over from prior years. The 1992 corporate tax return discloses a capital gain on the business of $223,000. Finally, father's partner in the clinic testified that a deposit of $238,000 shown on certain records was the cash received from the sale.

Thus, while father's testimony as to the sale proceeds is contradictory, there is more than substantial evidence in the record to support the trial court's determination of the amount realized on the sale of the business, or father's equity in the business. *See In re Marriage of Hauger,* 679 P.2d 604 (Colo.App. 1984) (trial court's resolution of conflicting evidence is binding on review).

■ We also reject father's contention that the income imputed to the expended gain was unsupported by the record. While testimony in the record is somewhat unorganized, confusing, and conflicting, the trial court based the imputed sum on the benefit accruing to father from the payoff of the second and third mortgages which, according to father's own testimony, resulted in a cash flow savings to him of $1,200 per month.

We are precluded from addressing the parties' assertions concerning the trial court's application of an interest rate to the $200,000 because, from our review, the record contains no indication that the trial court actually applied an interest rate in imputing income. *See In re Marriage of Tessmer*, 903 P.2d 1194 (Colo.App.1995) (appellate court is bound by record presented and may not consider arguments and assertions not supported by evidence in the record).

### B.

Father next asserts that the trial court erred when it included in his monthly income for child support purposes $500 he received monthly as the installment payment on the settlement of a dispute concerning an investment. We agree that the trial court improperly classified the total payment as income and that the matter must be remanded for reconsideration.

Under the child support guidelines, when a parent is deemed fully employed, "gross income" means "actual gross income." *In re Marriage of Tessmer, supra.* The determination of gross income is to include income from any financial source including such items as, *inter alia*, salaries, wages, tips, bonuses, dividends, interest, capital gains, gifts, and prizes. Section 14–10–115(7)(a)(I)(A), C.R.S. (1996 Cum.Supp.); *see also In re Marriage of Fain*, 794 P.2d 1086 (Colo.App.1990).

■ Payments received under a structured settlement related to a personal injury claim are considered "income" under the child support guidelines. *In re Marriage of Fain, supra.* In the context of investments, however, income is limited to the gain on the original investment. *See In re Marriage of Campbell*, 905 P.2d 19 (Colo.App.1995).

■ Here, in the settlement of a dispute that arose following father's investment in a business venture, father agreed to the return of a portion of his original investment. Specifically, he invested $35,000 and settled for 48 equal monthly installments of $500, totalling $24,000.

Father argues that all of the installment payments should be excluded from income for child support purposes because he suffered a loss on the investment. We agree in part.

■ While father's characterization of the payments as a return on his investment is relevant, it is not binding on the trial court. This is true regardless of how the payments were characterized by the parties to the settlement agreement or by father in reporting the payments for income tax or other purposes. *In re Marriage of Fain, supra.* In this instance, the parties to the settlement made no allocation of the installment payments between principal and interest.

There is a time value to money. Father's settlement was not for $24,000 but for 48 monthly installments of $500 each. The present cash value of the stream of installment payments at an imputed interest rate is the cash equivalent of the settlement on the settlement date and is easily calculable. There is, therefore, a portion of each monthly installment which can properly be attributed to principal and a portion of each monthly payment which can properly be attributed to interest. That portion allocable to interest is income to father for child support purposes. The question of whether interest should be imputed, and the appropriate interest rate, is addressed to the sound discretion of the trial court.

If, as here, no interest or interest rate has been agreed upon, the trial court may, in its discretion, receive pertinent evidence upon which to impute a rate of interest to be used in determining the present value of the installment payments and the allocation of the installment payments between principal and interest. The interest portion of each payment may be included in determining the gross income of husband for child support purposes.

In the event no evidence is presented from which an appropriate interest rate may be determined, then the entire amount of each installment payment should be treated as a recoupment of husband's original capital investment and should not be included in his gross income for child support purposes.

Given the improper characterization and inclusion of the entirety of the installment payments in father's income, we conclude that on remand there must be a recalculation of father's child support obligation.

### C.

■ Father also argues that the trial court erred by failing to recognize that his physical therapy clinic was a joint asset owned by himself and his present spouse. We disagree.

■ Father correctly asserts that the resources of a non-parent are not to be considered in the computation of child support. *See In re Marriage of Conradson,* 43 Colo. App. 432, 604 P.2d 701 (1979).

However, father's testimony as to the ownership of the business was, at best, conflicting. Father made statements indicating that he *considered* the clinic to be held jointly with his present wife. However, he also testified that he had owned the corporation since before his first marriage to mother ended and that he did not transfer any interest in the corporation to his present wife until 1994 when the corporation was reorganized to accommodate his home products business. Father's former partner also testified that it was father who owned the business and that the partner's minority interest in the business merely reflected his position as a key employee.

■ The trial court's determination as to the credibility of witnesses and the sufficiency and weight of the evidence cannot be disturbed on appeal unless it is manifestly erroneous. *In re Marriage of Hoyt,* 742 P.2d 963 (Colo.App.1987). Under that standard, the trial court was free to find father credible on some issues and not on others. *In re Marriage of Eze,* 856 P.2d 75 (Colo. App.1993). Contrary to father's characterization of the record, the trial court's implicit conclusion that the clinic was father's separate asset is supported by the record and will not be disturbed on review.

Similarly, father testified that he and his wife expected to draw a monthly salary of $1,000 to $1,500 each beginning in the next several months from the home products busi-

ness. Thus, although there may have been other statements from father suggesting that his reported income (excluding the payments under the non-compete agreement) was earned jointly with his wife, the record supports the salary figure attributed to father.

### D.

■ Father finally contends that the trial court erred by including the sum of $180 in the monthly support calculation as a reasonable and necessary educational expense under § 14–10–115(13)(I), C.R.S. (1996 Cum Supp.). The money is to be used to pay for ice skating lessons for his daughter who is participating in an extended and ongoing competitive program. We disagree that the inclusion of such an expense as child support was inappropriate.

■ The case-by-case determination of child support with which a trial court is charged must include a consideration of factors related to a child's standard of living and additional needs. Such factors include recreational costs. *In re Marriage of LeBlanc,* 800 P.2d 1384 (Colo.App.1990); § 14–10–115(1), C.R.S. (1987 Repl.Vol. 6B). In addition, this court has recognized that fees associated with athletic activities can either qualify as educational expenses under § 14–10–115(13)(I) or provide a basis under § 14–10–115(3)(a), C.R.S. (1996 Cum.Supp.) for the deviation from the presumed amount of support. *See In re Marriage of Ansay,* 839 P.2d 527 (Colo.App.1992).

The trial court's post-hearing orders contain sufficient findings to satisfy us that inclusion of the ice skating fees was warranted here. *See In re Marriage of Nielsen,* 794 P.2d 1097 (Colo.App.1990) (trial court has discretion to deviate from the guidelines where justified provided it makes appropriate findings).

### II.

Father next contends that the trial court erred when it failed to find a substantial and continuing change of circumstance requiring a modification. We disagree.

■ In considering a modification of child support, the trial court is bound by the facts and circumstances of the parents and the children as they exist at the time of the hearing. *In re Marriage of Kimbrough,* 784 P.2d 852 (Colo.App.1989).

■ Here, the daughter who had moved in with father was again residing with mother at the time of the hearing. We, therefore, find no merit in father's contention that the change in custody constituted a substantial and continuing change of circumstances.

We further decline to address father's assertion that the trial court's calculation would have yielded a change greater than ten percent if the trial court had properly allocated the cost of insurance. If the trial court miscalculated the amount of support, any error can be corrected when this matter is reconsidered on remand.

III.

■ Finally, father argues that the trial court erred by awarding attorney fees to mother. We disagree.

■ The allowance or disallowance of attorney fees is within the sound discretion of the court, and unless that discretion has been abused, the trial court's order cannot be disturbed. *In re Marriage of Schwaab,* 794 P.2d 1112 (Colo.App.1990).

We perceive no abuse of discretion in the trial court's award of attorney fees to mother based on the proportion of her income to father's. However, if on remand, the trial court deems it necessary to reconsider the award of fees, it may do so and make any appropriate adjustments.

The order is vacated and the cause is remanded for further proceedings in accordance with the views expressed herein.

METZGER and HUME, JJ., concur.