**In re the MARRIAGE OF Douglas POOLEY, Appellant,**

**and**

**Barbie L. Pooley, Appellee.**

No. 98CA2059.

Colorado Court of Appeals, Div. II.

Sept. 2, 1999.

Rehearing Denied Oct. 7, 1999.

Certiorari Denied March 27, 2000.

231

Mitch Geller, Denver, Colorado, for Appellant.

No appearance for Appellee.

Opinion by Judge VOGT.

Douglas Pooley (husband) appeals from those portions of the permanent orders concerning property, child support, and parenting time entered in connection with the dissolution of his marriage to Barbie L. Pooley (wife). We affirm in part, reverse in part, and remand with directions.

I.

Husband first contends that the trial court erred when it characterized an irrevocable trust of which wife was the beneficiary as an "economic circumstance" and not as marital property subject to division. We disagree.

Proceeds from a personal injury settlement received by wife during the marriage had been placed into an irrevocable trust with wife as beneficiary and wife's parents as trustees. The trust agreement provided that the trustees would "pay from time to time all, none or such part of the net income and principal as the Trustees may, in Trustees' sole and absolute discretion, determine to be necessary or advisable for the supplemental care, comfort, support, health, maintenance, education and welfare of the Beneficiary." It further provided that wife was to have no control whatsoever over the principal or income and no right to demand or request distributions therefrom.

Following the establishment of the trust, income from the trust went into a separate bank account that remained under the control of the trustees. Husband contended at trial that the trust income in the account was also marital property.

The trial court acknowledged that assets from a personal injury settlement are generally marital property subject to equitable division under § 14–10–113, C.R.S.1998. *See In re Marriage of Simon,* 856 P.2d 47 (Colo.App.1993). However, it concluded that, because the proceeds here were in an irrevocable trust over which wife had no control, neither the trust corpus nor income from the trust was marital property; rather, both were an economic circumstance to be considered under § 14–10–113(1)(c), C.R.S.1998, in determining the division of property.

In reaching this conclusion, the court relied on *In re Marriage of Jones,* 812 P.2d 1152 (Colo.1991). In *Jones,* the supreme court held that the rights of a beneficiary in a discretionary trust are not "property" marital or separate for purposes of § 14–10–113. Income from such a trust is likewise not property subject to division, but, instead, is more properly a "gift" under § 14–10–113(2)(a), C.R.S.1998, and thus not divisible. However, the beneficiary's expectancy in a discretionary trust is an economic circumstance that should be considered in dividing property under § 14–10–113.

Husband argues that the trial court's reliance on *Jones* was misplaced, in that the trust at issue there was a testamentary trust, created by the will of the wife's mother and thus "clearly separate property," whereas the trust in this case was funded by settlement proceeds that were "clearly marital property."

We disagree with husband's contention because we do not read the holding in *Jones* as in any way dependent on the fact that the trust at issue there was created with funds

that would otherwise have been the beneficiary's separate property. In fact, the supreme court expressly rejected the claim that the trust was the beneficiary's separate property; rather, it concluded that, because the beneficiary had a "mere expectancy" rather than a vested interest in either the trust corpus or income, her rights in the trust were not "property" at all for purposes of § 14–10–113. *See In re Marriage of Jones, supra.*

■ Thus, under *Jones,* it is the extent of the beneficiary's right to or interest in the trust rather than the source of funding for the trust that determines whether the trust and the income from it are property. While the trust at issue here was funded with settlement proceeds that would otherwise have been marital property, wife's interest in these funds after they were placed in a discretionary trust was no different from the interest of the wife/beneficiary in *Jones.*

Accordingly, we agree with the trial court that neither the trust corpus nor the income could be characterized as "property" under *Jones.*

■ Finally, we recognize that there may be situations in which placing marital property into a trust would amount to dissipation of that property, so as to warrant including its pre-trust value in the property division. *See In re Marriage of Huston,* 967 P.2d 181 (Colo.App.1998). This case, however, does not present such a situation. The evidence presented at the hearing did not establish that placement of the settlement proceeds into a trust for wife was done for an improper purpose, and the court expressly declined to so find.

For the reasons set forth above, we conclude that the trial court did not err in treating the trust, not as property, but as an economic circumstance to be considered in arriving at an equitable property division.

## II.

Husband also contends that the trial court erred in determining wife's gross income and that such error resulted in an inaccurate calculation of child support. We agree that a remand for reconsideration of this matter is required.

■ "Gross income" for purposes of determining child support obligations means the actual gross income of a parent who is employed to full capacity. It includes, as relevant here, wages, commissions, interest, trust income, and "monetary gifts." Section 14–10–115(7)(a)(I)(A), C.R.S.1998. The use of "actual" in the statute does not in all circumstances limit gross income to sums actually received. *See In re Marriage of Tessmer,* 903 P.2d 1194 (Colo.App.1995) (interest and dividends attributable to an IRA were included in gross income for child support purposes even though they were not withdrawn because of penalties and adverse tax consequences).

Here, the trial court found, in accordance with wife's financial affidavit, that she earned $2200 per month. The affidavit indicates that this amount represents both commissions and hourly wages. However, wife admitted at trial that her gross earnings for the first five and one-half months of the year were $16,299.99, which would reflect a greater monthly income than represented on her affidavit. We cannot determine from the trial court's order whether it considered this admission, and other testimony by wife regarding her sources of income, in arriving at its determination of wife's monthly earnings.

■ Further, the record indicates that income from wife's trust in the amount of approximately $262 per month was placed into an account for wife's use and benefit. Although, as set forth above, the trial court correctly declined to treat this income as property subject to division, we perceive no basis for omitting it from wife's gross income for purposes of determining child support. *See In re Marriage of Jones, supra* (characterizing income from discretionary trust as a gift); *In re Marriage of Tessmer, supra.*

We accordingly remand this matter to the trial court for reconsideration of wife's gross income in accordance with the views expressed here.

**233**

### III.

 Finally, husband asserts that the order for summer parenting time was an abuse of discretion because it was not in the children's best interests and was inconvenient and difficult for both parties. We find no abuse of discretion.

 The determination of parenting time is a matter within the sound discretion of the trial court, taking into consideration the child's best interests and the policy of encouraging the parent-child relationship. *In re Marriage of Elmer,* 936 P.2d 617 (Colo. App.1997).

Here, wife asked that husband be granted one week per month parenting time during the summer. Husband wanted two weeks per month so that either party could take the children on vacations. Wife objected to this request, testifying at the hearing that she had concerns about leaving the children in husband's care for extended periods because of injuries they allegedly suffered while in his care.

The trial court granted summer parenting time as follows: Husband was to have the children from Wednesday at 9:00 a.m. until Sunday at 9:00 a.m. during one week, and from Tuesday at 9:00 a.m. until Wednesday at 5:00 p.m. during the following week.

In response to husband's request for reconsideration of this schedule, wife reiterated her concerns about the children's safety and emotional well-being during extended stays with their father and cited specific incidents that had occurred while the children were with him. The court declined to reconsider its schedule.

In light of wife's testimony, it was within the trial court's discretion to conclude that the children's best interests would not be served by leaving them in their father's care for two weeks at a time. Accordingly, that ruling will not be disturbed on appeal.

The portion of the judgment determining wife's income and calculating child support based on that determination is reversed, and the cause is remanded for reconsideration of that issue. The current order of support shall remain in effect pending such reconsid-eration and further order of the court. In all other respects, the judgment is affirmed.

Judge PLANK and Judge JONES concur.