In re the **MARRIAGE OF Anthony F. SGARLATTI, Appellant,**

**and**

**Lynda G. Sgarlatti, Appellee.**

**No. 89CA1179.**

Colorado Court of Appeals,
Div. V.

Oct. 11, 1990.

Cox, Mustain–Wood, and Walker, Sharon Duke Maxey, Littleton, for appellant.

Peter L. Mattisson, P.C., Peter L. Mattisson, Westminster, for appellee.

Opinion by Judge CRISWELL.

In this dissolution of marriage action, Anthony F. Sgarlatti, the father, appeals from the amount of child support awarded Lynda G. Sgarlatti for support of the parties' three children. We affirm in part and reverse in part.

In computing the child support owed by the father, the court found that the mother had a monthly income of $1,500, less a credit of $150 for cost of medical insurance, for an adjusted gross monthly income of $1,350. This finding is unchallenged.

■ The court also found that the father had a gross monthly income of at least $7,000. Father complains about this finding, asserting that it was based upon the father's receipt of a capital gain of $74,000 in the previous year. He argues that, since this gain was not an item of recurring income, the trial court improperly considered it in determining father's income for child support guideline purposes. However, our reading of the record convinces us that the trial court did not improperly include this capital gains income in computing the father's income.

In 1987, the father had a gross income of approximately $106,000, or some $8,833 per month, as reflected on his income tax return. This figure included a single capital gain of some $74,000 and other gains of about $900. However, it *also* included a *loss* of some $16,000, the exact nature of which is undisclosed.

For reasons that are not explained in the record, the father had not filed a 1988 income tax return at the time of the permanent orders hearing, so neither the wife nor the court had a current income tax return to review. In addition, the father placed obstacles in the way of the wife in her attempt to verify the father's financial status. Further, his testimony, which was vague and evasive, disclosed that, since the entry of the original decree, he had allegedly transferred income-producing assets to his father for no profit and that he allegedly was no longer receiving any income from those assets. These actions and testimony by the father caused the trial court to find that the father "willfully attempted to conceal both from the court and counsel the true status of his income."

Nevertheless, the evidence that was produced established that the father had an annual salary of at least $50,700 (based on an hourly rate of $24.37 and assuming no overtime), as well as about $6,000 in interest and dividends. Thus, it is undisputed that the father had a monthly gross income of about $4,750.

■ In addition, because of the father's refusal to make a willing disclosure of his financial status, the trial court, as the finder of fact, was authorized to draw the inference that the father was concealing additional income. *See Huber v. Boyle*, 98 Colo. 360, 56 P.2d 1333 (1936). *See also Chaffin, Inc. v. Wallain*, 689 P.2d 684 (Colo.App.1984); *Asplin v. Meuller*, 687 P.2d 1329 (Colo.App.1984).

The trial court determined that the father had a minimum gross monthly income of $7,000—some $2,250 more than the undisputed facts disclosed, but about $1,800 less than his 1987 income. We see nothing in this record to indicate that, in reaching this determination, the trial court relied upon the $74,000 in capital gains in 1987 any more than it relied upon the father's claimed $16,000 loss in that year.

Further, the trial court directed the father to provide the mother a copy of his 1988 income tax return after it was prepared and filed, and it noted that, if the information on this return showed that the father's income was substantially different from what the trial court found it to be, either party could petition the court for a modification of the child support order. *See* § 14–10–122(b), C.R.S. (1987 Repl.Vol.

6B) (court may consider modification of child support order if application of guidelines would result in more than a ten per cent change).

We conclude that the record, including all possible adverse inferences that reasonably could be drawn against the father, supports the trial court's finding with respect to his income.

However, we agree that the court's specific award must be modified because it is inconsistent with the child support guidelines set forth in § 14–10–115, C.R.S. (1987 Repl.Vol. 6B). Those guidelines establish that $1,290 is the presumptive amount of support for two children for a family with a gross monthly income of $8,350. Thus, the father's portion of that support (84%) would be $1,084, rather than $1,250. And, the trial court did not make the findings required by § 14–10–115(3)(a), C.R.S. (1987 Repl.Vol. 6B) to justify a deviation from the guidelines' amount.

Further, the court failed to divide between the parties any expenses for the transportation of the children between the homes of the parents as an extraordinary expense, as § 14–10–115(13)(a)(II), C.R.S. (1987 Repl.Vol. 6B) required it to do.

It will, therefore, be necessary for this cause to be remanded to the trial court for a reconsideration of the amount of child support that the father should be ordered to pay, based upon the court's previous determination of the parties' income.

The judgment is affirmed in all respects except as to the award of child support. That portion of the judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views contained herein. Pending the entry of a new support order, the present order shall remain in full effect.

PLANK and DAVIDSON, JJ., concur.