In re the MARRIAGE OF Hal
V. ANDERSEN, Appellant,

and

Ellen E. Andersen, n/k/a Ellen
E. Miller, Appellee.

No. 94CA1462.

Colorado Court of Appeals,
Div. II.

April 20, 1995.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1994 Cum.Supp.).

Frey, Korb, Haggerty & Michaels, P.C., John J. Haggerty, Fort Collins, for appellant.

No appearance for appellee.

Opinion by Judge BRIGGS.

In this post-dissolution of marriage action, Hal V. Andersen (father) appeals a district court order modifying the child support obligation of Ellen E. Miller (mother). We affirm in part, reverse in part, and remand with directions.

The mother's prior child support obligation of $36 per month for one child was based on shared physical custody. When the mother moved to Oregon, the child remained with the father, who sought to modify child support.

In seeking modification, the father had calculated child support based on the mother having the child 90 overnights per year, three short of the threshold under § 14–10–

115(8), C.R.S. (1994 Cum.Supp.) for calculating child support obligations based on shared physical custody. The mother did not challenge the number of overnights indicated by the father.

The magistrate accepted the father's computation, which indicated the mother's child support obligation to be $316 per month, with two modifications. The first was to reduce the mother's obligation by $45 per month for the father's share of the child's transportation expenses. The second was to disallow an addition to the basic child support obligation of $35 per month for a portion of the premium paid by the father for health insurance, even though the coverage included the child.

The magistrate then deviated from the resulting presumptive guideline amount and ordered the mother to pay child support of $180 per month. The district court denied the father's petition to review the magistrate's order.

## I.

■ The father contends that it was error to include transportation expenses in the child support calculation before those expenses were actually known. We disagree.

Section 14–10–115(13)(a)(II), C.R.S. (1994 Cum.Supp.) provides that reasonable and necessary transportation expenses for the child are to be divided between the parents in proportion to their adjusted gross income. *See In re Marriage of Hoffman,* 878 P.2d 103 (Colo.App.1994). Pursuant to § 14–10–115(14)(a), C.R.S. (1987 Repl.Vol. 6B), these amounts are added to the parents' respective obligations in computing child support.

The mother testified at the hearing that the child's airfare was $300 per visit and that she would like to have two or more visits per year. The father did not object to such a schedule. On this evidence, the magistrate based the transportation deduction on $900 for yearly transportation expenses. The trial court found no error.

Although the father argues that the $45 a month charged to him for transportation expenses is arbitrary because the magistrate made no findings as to his proportional share of the parents' income, we note that there was no dispute as to the parents' income. Thus, the magistrate was free to adopt the percentage share of the father's income as shown in the father's computation. Because that computation results in approximately $45 for monthly transportation, which was properly added to the father's child support obligation, we find no reversible error.

## II.

■ The father next contends that the trial court erred in refusing to add $35 to the basic child support obligation for a portion of the premium paid by the father for health insurance. In the circumstances presented here, we agree.

Premiums for health insurance coverage are added to the basic child support obligation. Section 14–10–115(13.5)(a), C.R.S. (1994 Cum.Supp.). The amount added to the obligation is the actual amount of the total insurance premium attributable to the child who is the subject of the order. If this premium is "not available or cannot be verified," the total cost of the premium is divided by the total number of persons covered by the policy, and the amount attributable to a child or children subject to the order is added to the basic child support obligation. Section 14–10–115(13.5)(b), C.R.S. (1994 Cum. Supp.).

Here, the trial court refused to allow the addition because the father testified his health insurance would cost the same even if he did not insure the child. This was because the father was also providing coverage for his present wife and the father's other children living with him. However, the coverage is no more "free" for the child of the mother and father than it is for the coverage of the present wife and the father's other children.

It is in these circumstances that the amount of the premium attributable to the child of the mother and the father "is not available or cannot be verified." We therefore conclude the trial court erred in refusing to allow an addition to the basic child support obligation for the amount calculated pursuant to § 14–10–115(13.5)(a) and (b).

### III.

The father's final contention is that it was error to deviate from the guideline amount for child support obligations. We conclude that the cause must be remanded for reconsideration on this issue.

■ Under § 14–10–115(3)(a), C.R.S. (1994 Cum.Supp.), a trial court has discretion to deviate from the presumed amount of support established by application of the child support guidelines when such application would be inequitable, unjust, or inappropriate. *See In re Marriage of Oberg,* —— P.2d —— (Colo.App. No. 93CA1621, November 17, 1994). The trial court must make specific findings to justify any deviation. Section 14–10–115(3)(a); *see In re Marriage of English,* 757 P.2d 1130 (Colo.App.1988). If those findings are based on valid considerations, then the trial court's decision will not be disturbed on appeal, absent an abuse of discretion. *See In re Marriage of Plummer,* 735 P.2d 165 (Colo.1987).

Here, the magistrate listed the following reasons in support of the deviation: (1) it is important for the child to spend extended time with the mother; (2) the father has a greater income than the mother; (3) the mother lives alone and has no additional income; (4) the father has additional income from his present spouse; and (5) the mother has a higher cost of living in Oregon. The trial court affirmed the order based on these considerations.

■ The supreme court recently addressed the relevance of a new spouse's income in *In re Marriage of Nimmo,* 891 P.2d 1002 (Colo.1995). In doing so, it concluded that gifts from a present spouse may be considered only in limited circumstances.

The trial court's consideration of additional income from the father's present spouse was without benefit of the supreme court's analysis. It is therefore necessary to remand for reconsideration of the decision to deviate from the guidelines in light of the decision in *Nimmo.*

■ Furthermore, the finding that it is important for the child to spend extended time with mother is, in itself, irrelevant to the issue of whether there should be a deviation in child support. The time spent is already reflected in the child support calculation by the choice of the worksheet. *See* § 14–10–115(14), C.R.S. (1987 Repl.Vol. 6B). Likewise, the next two reasons for ordering a deviation—the father's greater income and the mother's sole income to support her household—are factors relating to income and expenses, which are already addressed by the worksheet.

■ Finally, we note that a finding that one parent has a higher cost of living will not, in and of itself, ordinarily justify deviating from the guidelines. Section 14–10–115(3)(a) was amended to its present form in 1992. The amendment specifies the reasons for deviating from the guideline. They include, but are not limited to, extraordinary medical expenses incurred for treatment of either parent or a current spouse, gross disparity in income between the parents, ownership by a parent of a substantial non-income producing asset, consistent overtime not considered in gross income, or income from employment that is in addition to a full-time job. Colo.Sess.Laws 1992, ch. 39 at 188–89.

The amendment was adopted pursuant to the recommendations set forth in the Colorado Child Support Commission Report (1991). The report reflects that the Commission examined other criteria, including differences in living expenses, but determined that they were not appropriate for inclusion on the list:

> These include provisions for deviations based on the age of a child, *the difference in living expenses based on the parties' geographical location in the state,* and federal and state tax liabilities. While the Commission recognizes that each of these ideas is in some way attractive, the practical implications of implementing such complex criteria would only serve to make the support awards less uniform and predictable and more subject to individual whim and manipulation. Therefore, the Commission recommends that these items not be included in the list of guideline deviation criteria.

Colorado Child Support Commission Report, *supra,* at 11–12 (emphasis added).

The report nevertheless reflects that the intent was not to prohibit any consideration of living expenses:

It is important to note that the authority of the court to deviate is not circumscribed by the enumerated criteria. There is an obligation on the court to fully consider the circumstances of a case in which deviation is requested and make a decision of whether or not to deviate based on the unique circumstances of that case. In making that decision, the court could properly consider issues that the Commission specifically chose not to include or others that were not considered. The purpose of including this list of enumerated criteria is to draw to the court's attention circumstances which may require deviation.

Colorado Child Support Commission Report, *supra*, at 12.

Here, the trial court's findings do not indicate the actual difference in the costs of living between the mother and the father or whether the difference is any greater than that between geographic areas within Colorado. Nor do they reflect any unique circumstances demonstrating that the difference in the cost of living alone would render application of the guidelines inequitable, unjust, or inappropriate.

It is therefore necessary to remand the cause for reconsideration of the decision to deviate from the child support guidelines.

The order is affirmed as to transportation expenses. It is reversed as to the disallowance of the health insurance premium addition. The cause is remanded for reconsideration and clarification in regard to the deviation from the child support guidelines, consistent with this opinion. The current order shall remain in effect pending entry of a new order.

CRISWELL and ROY, JJ., concur.