In re the MARRIAGE OF Barbara F. CAMPBELL, n/k/a Barbara Fullerton, Appellant,

and

Scott B. Campbell, Appellee.

No. 94CA1417.

Colorado Court of Appeals, Div. I.

Sept. 28, 1995.

Montgomery Little & McGrew, P.C., Robert J. Beattie, Timothy M. Schulte, Englewood, for appellant.

Jon Slaughter Pelegrin & Associates, P.C., Jon Slaughter Pelegrin, Michelle T. Hannigan, Lakewood, for appellee.

Opinion by Judge PIERCE *.

In this post-dissolution proceeding, Barbara F. Campbell, n/k/a Barbara Fullerton, (mother) appeals the order of the trial court modifying the child support obligation of Scott B. Campbell (father). We affirm in part, reverse in part, and remand with directions.

At the time of dissolution in 1987, father was employed by a cable television network. In return for service and as an incentive for continued employment, he received options on 90,000 shares of company stock. These stock options vested at the rate of 20% per year of employment and then matured and expired at the rate of 20% per year commencing in 1993. At the time of the modification hearing in April 1994, father had exercised options to 27,000 shares of stock, with vested options to 63,000 shares then remaining.

I.

Mother first contends that the trial court erred as a matter of law in determining that the proceeds received by father for exercise of his stock options were not income for child support purposes. We agree.

The basic child support obligation is determined by applying the statutory schedule set forth in § 14–10–115(10)(b), C.R.S. (1995 Cum.Supp.) to the actual gross income of the parents. Gross income, as defined by § 14–10–115(7)(a), C.R.S. (1995 Cum.Supp.), includes income from "any source," with the limited and specified exclusion of funds received from public assistance programs or voluntary overtime pay. *See In re Marriage of Tessmer,* 903 P.2d 1194 (Colo.App.1995) (exceptions to sources of income available for payment of child support limited to those enumerated in the statute).

Consequently, we perceive no basis under the statute for the trial court's determination that the proceeds received by father from the actual exercise of his stock options were not "ordinary income for the purposes of determining child support." Nor do we perceive any basis for the trial court's consideration of potential income to be received by father for exercise of future stock options until exercise of those options actually occurs.

Hence, the matter must be remanded for a determination of the income father actually has realized from the exercise of his stock options. Such determination of the actual proceeds received by father in effect removes from consideration as current income the initial value of the stock option and, thus, the portion of the total current value earned at the time of father's earlier employment. Rather, for purposes of child support,

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

father's income, as derived from the exercise of the stock options, is limited to the difference between his purchase price of the optioned stock and the price at which he then sold it.

Based upon its recalculation of father's gross income, including proceeds from the actual exercise of his stock options, the trial court is directed to enter a new order for child support in accordance with § 14–10–115, C.R.S. (1995 Cum.Supp.).

## II.

 Mother also contends that the trial court erred in determining that father was not underemployed. We do not agree.

Father left his employment in the cable television industry and assumed a position as managing paralegal in charge of developing his current wife's law firm, at an annual salary of $75,000. At the time of the hearing, father had not, in fact, received this salary but had continued to meet his child support obligations.

Mother argues that he is, at best, underemployed and that, in accordance with § 14–10–115(7)(b)(I), C.R.S. (1995 Cum.Supp.), income should be imputed to him at a level commensurate with that earned in his prior employment.

However, mother presented no evidence that employment at the income previously earned by father was available to him, no evidence of alternative employment at a higher level of remuneration than he presently earned, and no evidence that support to the children had been unreasonably reduced. *See* § 14–10–115(7)(b)(III)(B), C.R.S. (1995 Cum.Supp.).

Based upon this record, the trial court did not abuse its discretion in finding that father had the capacity to earn $75,000 per year through employment. We perceive no error.

## III.

Finally, mother contends that the trial court erred in failing to award attorney fees. We agree that this issue must be reconsid-

ered in view of our earlier disposition remanding for recalculation of income.

The portion of the order imputing employment income of $75,000 to father is affirmed. The remainder of the order is reversed, and the cause is remanded to the trial court for new findings and an order in conformance with the views expressed herein.

METZGER and TAUBMAN, JJ., concur.