In re the **MARRIAGE OF Vicki A. MACKEY** n/k/a **Vicki A. Peterson, Appellee,**

and

**John Mackey, Appellant.**

**No. 96CA1029.**

Colorado Court of Appeals, Div. IV.

June 12, 1997.

Zak, Fox and Pehr, P.C., James J. Zak, Westminster, for Appellee.

Sue Schoedel, Denver, for Appellant.

Opinion by Judge JONES.

In this post-dissolution of marriage action, John Mackey (father) appeals a trial court order modifying the amount of child support payable to Vicki A. Mackey (mother). We vacate the order and remand with directions.

Upon the dissolution of their marriage in February 1995, the father was ordered to pay the mother maintenance and child support. When the mother remarried seven months later, the father filed a motion to terminate maintenance. In her November 1995 response to the motion, the mother conceded that maintenance should be terminated and requested that child support be modified to reflect the termination of maintenance.

Without a hearing, the trial court terminated maintenance and granted the mother's request for increased child support. However, the father objected that a motion to modify child support was not before the court. The trial court then vacated its order and set the child support issue for hearing. The mother filed a motion for increase of child support in February 1996, and after a hearing, the trial court entered a new order increasing child support.

In calculating the new child support amount, the trial court determined that the mother's income was $625 per month and adjusted the father's expenses to reflect $112 per month for transportation of the children between the parents' homes. The new child support order was made retroactive to November 1995, when the mother

first requested an increase in child support in her response to the motion to terminate maintenance.

## I.

The father contends first that the trial court erred in not imputing more than $125 per month income to the mother in addition to the $500 per month she earns in her current husband's business. We agree.

## A.

■ Except in certain circumstances not applicable here, if a parent is voluntarily unemployed or underemployed, child support must be based on the parent's potential income. Section 14–10–115(7)(b)(I), C.R.S. (1996 Cum.Supp.); *In re Marriage of McCord,* 910 P.2d 85 (Colo.App.1995)(no error in imputing to parent the annual income he earned prior to his voluntary resignation).

Here, the evidence showed that the mother had a high school diploma and had studied about one and one–half years in a pre–nursing certification curriculum. Prior to the marriage, the mother was a full–time fitness instructor. After the marriage, she worked as a city property technician earning $13,869 per year in 1982, and she provided daycare services in her home.

However, the mother testified that she chose to work in her home on only a part–time basis as a receptionist for her new husband's family business, for which she was paid $500 per month. The trial court increased this amount to $625 to reflect her employer's payment of her taxes. She testified that she has not tried to find full–time employment because she is too "busy" and considers her situation "ideal."

■ We agree with the father that the mother's choice to stay home with the children should not burden him financially. While the mother is certainly entitled to remain underemployed if she so chooses, the father's child support obligation may not be increased as a result.

■ Both parents owe a duty of support to their children. *See In re Marriage of Nordahl,* 834 P.2d 838 (Colo.App.1992).

And, contrary to the mother's assertion, her provision of housing and food as the primary residential custodian of the four children is irrelevant to the apportionment of the income between the parents.

■ This apportionment of income is the first step in the calculation of child support under the statute, whereas the percentage of time spent with each parent and the corresponding provision of food and housing are separate considerations to be reflected elsewhere in the calculation. *See In re Marriage of Andersen,* 895 P.2d 1161 (Colo.App.1995)(factors already addressed in the statutory calculation may not again be considered in determining child support).

■ The mother does not fall within any of the exceptions to underemployment listed in § 14–10–115(7)(b)(III), C.R.S. (1996 Cum. Supp.), and there is no evidence that she lacks the ability to work full–time. Thus, the potential income the mother could earn in a full–time job, commensurate with her demonstrated ability to earn, must be reconsidered upon remand. *Compare In re Marriage of Pote,* 847 P.2d 246 (Colo.App.1993)(because mother had to care for child with Downs Syndrome, she was involuntarily employed part–time, and it was error to impute full–time income to her) *with In re Marriage of Beyer,* 789 P.2d 468 (Colo.App.1989) (no error in imputing full–time employment at minimum wage to mother, even though she had health problems).

## B.

Because it may arise on remand, we address the issue whether child care costs may be imputed when income is imputed to an unemployed or underemployed parent. We conclude that it was error for the trial court to offset imputed income with imputed child care costs.

This issue was considered by the Colorado Child Support Commission, in 1991, upon the recommendations from which the child support guidelines are premised. The Commission recommended that the General Assembly not change the law so as to require that imputed income be offset by imputed child

care costs. Whether based on this recommendation, or for other reasons, the General Assembly has not amended the statutes to provide for the offset of imputed income with imputed child care costs. The Commission reasoned that:

> To require the obligor to be responsible for costs that are not actually incurred and which are speculative in nature seems patently unfair. The purpose of the [child support] Guidelines is to assess responsibility for costs actually incurred on behalf of the children in order to adequately address the children's needs. When the custodial parent becomes employed and pays for work-related child care costs then the child support order can be modified.

Colorado Child Support Commission Report (1991), at 15.

We recognize that a division of this court has considered the cost of child care as a relevant factor supporting a trial court's imputation of income. That division stated that: "[I]n light of the other evidence with respect to the mother's health problems, and the necessity of obtaining day care if the mother was employed, we perceive no abuse of discretion in the court's use of the $580 [minimum wage as imputed income] figure here." *In re Marriage of Beyer, supra,* 789 P.2d at 469.

Because we agree with the reasoning of the Commission recommendations, which post–dated *Beyer,* we decline to follow *Beyer.*

■ Thus, on remand, the trial court should not consider the cost of child care when imputing income to the mother.

## II.

■ Next, the father contends that the trial court erred in requiring him to prove the existence of available jobs for the wife as a condition of the wife's having income imputed to her. Again, we agree.

■ Section 14–10–115(7)(b)(I) merely requires the court to determine potential income and imposes no burden on one parent to prove that an available job exists for the other parent. Furthermore, we know of no case law to support the trial court's imposi-

tion of such a burden. Rather, the determination of potential income hinges on the ability of the parent to perform work. *See* Colorado Child Support Commission Report, *supra,* at 15 ("[A] non-working [or underemployed] custodial parent is imputed income based upon his/her *ability* to work." (emphasis added)).

Contrary to the mother's argument, *In re Marriage of Campbell,* 905 P.2d 19 (Colo. App.1995), does not compel a contrary conclusion. In that case, the trial court determined that the father was capable of earning $75,000 per year in his then current position, because the "mother presented no evidence that employment at the income previously earned by the father was available to him, [and] no evidence of alternative employment at a higher level of remuneration than he presently earned." *In re Marriage of Campbell, supra,* 905 P.2d at 21.

We do not read that case as requiring a parent to prove that a *particular* job is available. Such a requirement would be onerous and unworkable. Instead, the focus must be on the parent's ability to perform employment, as intended by the Child Support Commission.

■ Our review of the record evidence, without resort to the appendices to the opening brief which are not properly before us, *see In re Marriage of Mowrer,* 817 P.2d 612 (Colo.App.1991) (facts not of record will not be considered), convinces us that the father presented relevant, probative evidence of the mother's ability to earn income in one of the three fields in which she previously had worked. On remand, the trial court should consider this evidence and may, in its discretion, take additional evidence, *see In re Marriage of Lee,* 781 P.2d 102 (Colo.App.1989), to determine the amount of full–time income to be imputed to the mother without regard to the availability of actual positions.

## III.

■ The father's final contention is that the trial court erred in ordering that the increase in the child support obligation would apply retroactively to the date of the mother's request for increased child support, in-

cluded in her November 1995 response to the motion to terminate maintenance. Rather, the father argues, the increase should be made retroactive only to the date the mother filed a formal motion to increase child support, in February 1996. We agree.

 The provisions of any decree respecting child support may be modified only as to installments accruing subsequent to the filing of the motion for modification. Section 14–10–122(1)(a), C.R.S. (1996 Cum.Supp.). Thus, if child support is modified, the modification should be effective as of the date of filing of the request therefor. Section 14–10–122(1)(d), C.R.S. (1996 Cum.Supp.); *In re Marriage of Armit*, 878 P.2d 101 (Colo.App. 1994).

Accordingly, any modification of the child support order should be made retroactive only to the date of the filing of the February 1996 motion for increased child support.

### IV.

The father's request for costs and the mother's request for attorney fees, on appeal, are both denied. *See* C.A.R. 38 & 39.

The order of the trial court is vacated. The cause is remanded with directions that the trial court recalculate the child support amount after imputing income to the mother in accordance with this opinion, and if the amount is modified, the modification is to be made retroactive to February 1996.

KAPELKE and ROY, JJ., concur.