In re the MARRIAGE OF Marianna LISHNEVSKY, Appellee,

and

Victor Lishnevsky, Appellant.

No. 98CA0677.

Colorado Court of Appeals, Div. A.

March 18, 1999

Rehearing Denied April 1, 1999.

Certiorari Denied Aug. 16, 1999.*

---

* Justice RICE does not participate.

Mona S. Goodwin, Denver, Colorado, for Appellee.

Victor Lishnevsky, *Pro se.*

Opinion by Justice ERICKSON.**

In this post-dissolution proceeding, Victor Lishnevsky (father) appeals the denial of his motion for modification of child support, the denial of his motions for reimbursement of overpaid child support, and an order that he pay attorney fees incurred by Marianna Lishnevsky (mother) directly to mother's attorney. We affirm the denial of the motions and the award of attorney fees to the mother's counsel.

In the 1994 permanent orders, father was ordered to pay mother $1128.97 per month for the support of their son. The calculation of this amount was based on $560 per month for child care costs and mother's imputed monthly gross income of $1667. A division of this court affirmed the child support order. *In re Marriage of Lishnevsky* (Colo.App. No. 94CA0956, August 3, 1995)(not selected for official publication).

Four months after the entry of the support order, husband filed a motion to modify support, alleging that the child care amount "is and has always been" $260 per month. Finding that father's motion was in effect a motion for reconsideration of the permanent orders, the trial court denied that portion of the motion relating to child care costs. However, child support was reduced to $1041 to reflect the deletion of therapy expenses for the child.

Father's motion for reconsideration or, alternatively, his renewed motion to modify support was denied. The court also denied father's subsequent motion to modify support based on mother's alleged increase in income. The court found father's motion frivolous because, had mother filed a motion, the evidence would have supported an increase in support.

The next motion to modify child support, which is the subject of this appeal, was filed

---

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. IV, Sec. 5(3), and § 24–51–1105, C.R.S.1998.

in November 1996. In asserting that child support should be reduced to $509 per month, father unilaterally imputed to mother a monthly income of $5171, and deleted all child care costs on the basis that mother had failed to show that any such costs had been incurred since June 1996. Husband also filed two motions for reimbursement of child care costs, alleging that he was entitled to recoup certain amounts because these amounts had not been expended for child care.

The magistrate denied these three motions. She found that the child care expenses had been addressed in previous orders and that father was actually requesting modification of child support prior to the filing of the present motion. Again, there was a finding that the present circumstances would result in a higher child support obligation. The magistrate also ordered father to pay mother's attorney fees directly to the attorney. The district court, concluding that the magistrate's decision was supported by the evidence and not clearly erroneous, upheld the order.

## I.

■ Father contends that the court erred in refusing to reimburse him for child care costs he alleges were overstated or fictitious. We disagree.

Section 14–10–115(3)(b)(III), C.R.S.1998, provides that: "If the noncustodial parent claims, based upon information in the updated form, that the custodial parent is not spending the child support for the benefit of the children, the court may refer the parties to a mediator to resolve the differences."

This provision was added in 1992, *see* Colo. Sess. Laws 1992, ch. 39 at 189–190, against the recommendation of the Colorado Child Support Commission. *See* Colorado Child Support Commission Report 22–24 (1991).

In arriving at its recommendation the Commission noted that: "Problems also would arise after an accounting had been ordered .... What if the accounting shows that expenditures consistently do not add up to the total amount of support dictated by the guidelines?" Colorado Child Support Commission Report, *supra*, at 23. Thus, even though the Commission specifically questioned the remedy issue, the General Assembly chose to provide no remedy aside from that offered by a mediator.

Under these circumstances, we may not, as father in effect urges, create a remedy where none exists. Reimbursement is not mandated under § 14–10–115(3)(b)(III), and we may not read that provision into the statute. *See Kraus v. Artcraft Sign Co.,* 710 P.2d 480 (Colo.1985).

■ The general rule is that child support payments become judgments when due. *See In re Marriage of Nussbeck,* 974 P.2d 493 (Colo.1999); *Dorsey v. Dorsey,* 28 Colo.App. 63, 470 P.2d 581 (1970). We reject father's argument that § 14–10–115(3)(b)(III) modifies the general rule.

Furthermore, the court was not bound to refer the matter to a mediator; by its use of the word "may," the General Assembly indicated that option is purely discretionary. *See Board of County Commissioners v. Edwards,* 171 Colo. 499, 468 P.2d 857 (1970) (distinguishing between "shall," which is mandatory, and "may," which is discretionary). Accordingly, the motions for reimbursement were properly denied.

## II.

Father also contends that the court erred in denying his motion to modify child support. Again, we disagree.

■ Modification of the terms of an existing order of support may occur only upon a showing of changed circumstances that are substantial and continuing. Section 14–10–122(1)(a), C.R.S.1998.

■ A change is not substantial and continuing if application of the guidelines to the parties' present situation results in a change of less than ten percent in the amount of child support currently in effect. *See* § 14–10–122(1)(b), C.R.S.1998; *see also* § 14–10–115, C.R.S.1998 (child support guidelines). Therefore, a rebuttable presumption exists that a modification of child support must be granted whenever application of the child support guidelines would result in more than

a ten percent change in the amount due. *In re Marriage of Aldrich,* 945 P.2d 1370 (Colo. 1997).

■ Here, the magistrate made findings as to the parties' current gross incomes and child care expenses, which were necessary to determine the current presumed guideline amount. She found, based on mother's testimony, that child care expenses were $647 per month. And, contrary to father's argument, the magistrate did base her finding on current child care expenses of $4.50 per hour, and the fact that mother had lost her job between the time of the two hearings and temporarily had a lesser amount of child care does not vitiate the court's findings. She also found, based on the testimony of father's employer's representative, that father's monthly gross income was $5500.

As to mother's income, the magistrate found that mother should have an imputed monthly gross income of $2083, since she recently had lost a job paying that amount. Contrary to father's argument, there is no basis for imputing to mother $2040 as "undisclosed income" on the basis that she listed debts in this amount. Merely listing on a financial affidavit the debts one should pay does not mean they were paid, and we fail to perceive how this can become "undisclosed income." There is no basis for imputing to mother an additional $3131 as earnings to supplement the $2040.

The amounts found by the magistrate for income and child care, being supported by the evidence, lead to the conclusion that there was not a ten percent change between the most recent child support order of $1041 and the current presumed amount of $1088. That being the case, the district court did not err in upholding the magistrate's denial of the motion to modify child support. *See* C.R.M. 6(e)(4); *In re Marriage of Rosenthal,* 903 P.2d 1174 (Colo.App.1995)(setting forth the "clearly erroneous" standard of review).

### III.

■ Father's final contention is that the award of attorney fees was error. We disagree.

Section 14–10–119, C.R.S.1998, provides:

The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

The magistrate found that the attorney's fees incurred by the mother were reasonable and necessary to defend against the father's motions that were denied by the court. The financial resources of the father were greater than those of the mother, and that disparity supports the magistrate's findings. The mother obtained no benefit from the hearings on the motions, but did retain the same amount of child support that the father had been previously ordered to pay.

■ A trial court has broad discretion in awarding attorney fees, and in the absence of an abuse of discretion, the trial court's award will not be disturbed on appeal. *In re Marriage of Weibel,* 965 P.2d 126 (Colo.App. 1998). We find no abuse of discretion and affirm the award of attorney fees.

### IV.

Mother's request for attorney fees on appeal is denied. *See* C.A.R. 38(d).

The orders are affirmed.

Chief Judge HUME and Judge MARQUEZ concur.