**In re the MARRIAGE OF Cynthia C. FOSS, Appellant,**

**and**

**Joseph W. Foss, Appellee.**

**No. 00CA0372.**

Colorado Court of Appeals, Div. A.

July 5, 2001.

John Kokish, P.C., John Kokish, Joanne Crebassa, Castle Rock, CO, for Appellant.

Law Office of Peter S. Ely, Peter S. Ely, Denver, CO, for Appellee.

Opinion by Judge PIERCE *

In this post-dissolution proceeding, Cynthia C. Foss (mother) appeals a trial court order increasing child support to $989.36 per month after Joseph W. Foss (father) won $5 million in the Colorado State Lottery. We reverse the order and remand for entry of a new order.

During the parties' five-year marriage, their child was born with cerebral palsy. Upon dissolution of the marriage in 1996, mother was awarded sole custody of the child, and father was ordered to pay $700 per month child support as well as all insurance and uninsured medical expenses. Child support was based on monthly adjusted gross incomes of $3200 for mother and $3700 for father, and included an upward deviation.

Two years later, in December 1998, father won the lottery. His monthly income from the annuitized lottery payout was approximately $10,500 for the first year. His income from employment was approximately $5000 a month at that time, but he had been unemployed since September 1999 and had plans to return to school.

Although father failed to inform mother of his winnings, she eventually discovered his good fortune and filed a motion to modify child support. The trial court increased child support from $700 to $989.36 per month, based on the imputation to father of earnings of $60,000 per year, and imputation to mother of her income based on a–40 hour work week. Because the parties' combined gross income exceeded the uppermost limits of the child support guidelines, mother requested an extrapolation of child support. However, the court denied that request, finding that mother failed to make the requisite showing that the support dictated by the guidelines was insufficient to meet the child's needs.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000.

## I.

Mother contends that the trial court erred in imputing income to her based on a 40–hour work week. We agree.

Except in certain circumstances not applicable here, if a parent is voluntarily unemployed or underemployed, child support must be based on the parent's potential income. Section 14–10–115(7)(b)(I), C.R.S. 2000. *See In re Marriage of Mackey*, 940 P.2d 1112 (Colo.App.1997). However, in determining whether underemployment is voluntary, the court shall take into consideration a parent's need to care for a disabled child. *In re Marriage of Pote*, 847 P.2d 246 (Colo.App.1993).

Here, mother testified that she worked only 32 hours per week so that she would have the time to take the child to the doctor and the physical therapist. Physical therapy was scheduled at least twice per week, including once on the weekend and once on the weekday on which mother was not scheduled to work. Furthermore, she testified that because the dental office in which she worked as a hygienist was open only 32 hours per week, her work schedule was considered full-time.

In view of the special needs of the parties' child, and the extra time involved in attending to those needs, we conclude that the court abused its discretion in finding that mother's underemployment was voluntary. Because mother alone provides the nonfinancial aspects of that care, we conclude that imputation of income under these circumstances would be contrary to the general public policy of mitigating the harm to spouses and children caused by the dissolution of marriages. *See* § 14–10–102(2)(b), C.R.S. 2000; *In re Marriage of Nordahl*, 834 P.2d 838 (Colo.App.1992).

This improper imputation of income to mother prevents our determination of the proper support payment and is one of the factors making a remand for reconsideration necessary.

## II.

Mother also contends that the trial court erred in sustaining objections to cross-examination questions regarding several items on father's financial affidavit, including $1000 per month for food for a household of one, $1000 per month in assistance to extended family members, and $1000 per month for recreation. Because we are remanding the case for reconsideration of all the factors and for entry of a new order of child support, we need not address this contention.

## III.

Mother further contends that the trial court abused its discretion in refusing to extrapolate from the guidelines. We disagree.

The child support guidelines provide that, where the parties' adjusted gross income exceeds the uppermost levels of the guidelines, which was the case here, the court may use its discretion in determining child support. Section 14–10–115(10)(a)(II), C.R.S.2000. Under these circumstances, there is a rebuttable presumption that the basic child support obligation at the upper level of the guidelines is the minimum presumptive amount of support. *In re Marriage of Upson*, 991 P.2d 341 (Colo.App.1999). However, *In re Marriage of Van Inwegen*, 757 P.2d 1118 (Colo.App.1988), makes it clear that extrapolation is still a discretionary matter for the trial court.

## IV.

At the time of the trial court's ruling, it did not have the benefit of some authority which is instructive. In fashioning our remand, we find two cases to be instructive. The first is *In re Marriage of Bohn*, 8 P.3d 539 (Colo. App.2000), where the father had won $1.2 million in the lottery, and a division of this court determined that his child was entitled to benefit from the father's windfall. There, while the father provided financial help to himself and his extended family, he had not spent any funds directly on his child, nor had he bothered to tell her he had won. The division held that it was not error to award more support than the mother had requested, if warranted by the total circumstances.

Here, because the *Bohn* opinion had not yet been announced when the modified support order was entered, we do not criticize the trial court for not factoring in those principles. Further, although there is evidence here that, after his windfall was discovered by mother, father paid for one modification to the home in which the child resides, the child did not otherwise benefit from the improvement in father's gross income. Accordingly, the *Bohn* case should be considered by the trial court when making the new determination. *See In re Marriage of Nimmo*, 891 P.2d 1002, 1007 (Colo. 1995)("The guidelines were not enacted to prevent an increase in a child's standard of living by denying a child the fruits of one parent's good fortune after a divorce.")

The second case that we find instructive is *In re Marriage of Wells*, 850 P.2d 694 (Colo. 1993). There, the supreme court ruled that, upon remand to distribute marital property, it was proper to consider the changed circumstances of the parties between the date of the original decree and the post-decree hearing to redistribute the marital property. The court reasoned that, because § 14–10–113(1)(c), C.R.S.2000, provides that the relevant factors include the "economic circumstances of each spouse at the time the division of property is to become effective," that rule applies whenever a distribution is made, such as after a remand.

We conclude that the same analysis holds true for § 14–10–115(1), C.R.S.2000, which provides that the court "may order an amount determined to be reasonable under the circumstances for a time period that occurred after the date of ... separation ... and prior to the entry of the support order."

Here, where a new support order is to be made, both parties must be allowed to show their current circumstances. Father may still be unemployed, and mother may be able to establish that certain expenditures, such as carpeting and athletic activities, are warranted because they alleviate some symptoms of the child's condition. *See In re Marriage of Schwaab*, 794 P.2d 1112 (Colo. App.1990). All of these items, of course, must be considered in conjunction with the principal factors set forth in § 14–10–115(1)(a)–(e), C.R.S.2000. *See also In re Marriage of Zisch*, 967 P.2d 199 (Colo.App. 1998).

The order is reversed, and the case is remanded for a redetermination of child support under the principles set forth above. Until a new order is entered, the present order for $989.36 per month support shall remain in effect.

Judge METZGER and Justice KIRSHBAUM concur.