In re the Parental Responsibilities
of M.G.C.—G., Child,

Thomas J. Cabello, Jr., Petitioner–
Appellee,

and

Jennifer Gomez, n/k/a Jennifer Garcia,
Respondent–Appellant.

No. 08CA1118.

Colorado Court of Appeals,
Div. II.

Feb. 18, 2010.

Robert B. Warren, Colorado Springs, Colorado, for Petitioner–Appellee.

Anne Whalen Gill, L.L.C., Anne Whalen Gill, Castle Rock, Colorado, for Respondent–Appellant.

Opinion by Judge CASEBOLT.

Jennifer Gomez, now known as Jennifer Garcia (mother), appeals the trial court's order denying her motion to modify child support. We reverse and remand for further proceedings.

I.

As part of a proceeding for allocation of parental responsibilities, Thomas J. Cabello, Jr. (father) agreed to pay mother $869 in monthly child support for their minor child. By agreement of the parties, this amount was later reduced to $533 per month.

In 2003, mother determined to relocate with the child to Hawaii with her husband. Father objected and filed an emergency motion to prohibit the relocation, arguing that the move would effectively terminate his relationship with the child. However, immediately before the hearing on father's motion and without consulting their attorneys, the parties reached an agreement providing that father would withdraw his motion and allow mother to move, and mother would accept child support payments of $500 per month. The court adopted this agreement as an order of the court without making any findings.

Approximately four years later, mother filed a motion requesting modification of child support, asserting that father had received substantial increases in income that warranted an increase in child support. Father objected, arguing that the current order for child support, reached by agreement in 2003, was entered in exchange for approving mother's request to relocate to Hawaii, and therefore precluded modification.

At the hearing on mother's motion to modify, the court determined that, in order to rule on mother's motion, it had to compare

what the child support figure *would have been* in 2003 under the child support guidelines (absent the agreement) to what it would be presently. The court stated that *"[h]ad* the child support been calculated ... in October, 2003," the child support due from father at that time would have been "in the $625.00–$640.00 per month range." Relying on the parties' arguments that the child support guidelines would, as of the hearing date, require father to make an approximate monthly payment of $650, the court concluded that there was no evidence of a ten percent change from "what [child support] *would have been* on October 29th, 2003 to today." (Emphasis added.) Therefore, the trial court denied the motion to modify, and this appeal followed.

## II.

■ Mother contends that the court erred in denying her motion to modify child support. We agree that the court applied an incorrect legal standard and thus must reconsider its ruling.

Modification of the terms of an existing order of support may occur only upon a showing of changed circumstances that are substantial and continuing. § 14–10–122(1)(a), C.R.S.2009. A change is not substantial and continuing if application of the guidelines to the parties' present situation results in "less than a ten percent change in the amount of [child] support due per month." § 14–10–122(1)(b), C.R.S.2009. These two provisions indicate that the ten percent calculation applies to the amount of child support currently in effect, not to a hypothetical amount that would have been in effect, absent an agreement to the contrary. *See In re Marriage of Aldrich,* 945 P.2d 1370, 1375 (Colo.1997) ("A change is not 'substantial and continuing' if application of the guidelines ... results in a change of less than ten percent in the amount of child support *currently in effect."* (emphasis supplied)); *In re Marriage of Lishnevsky,* 981 P.2d 609, 611 (Colo.App.1999) (same).

Here, the only order *currently in effect* at the time of mother's motion and the hearing was the amount stipulated in the parties' 2003 agreement, approved as an order of the court, which required father to pay $500 each month. The trial court should have considered this order when determining mother's motion to modify, *see Aldrich,* 945 P.2d at 1375; *Lishnevsky,* 981 P.2d at 611, not the hypothetical child support guideline amount that was neither contemplated nor entered in 2003.

■ Father asserts that this conclusion ignores the bargain the parties struck in 2003, and that, under our holding, mother could have returned to court a few months after the move to Hawaii and could have asserted that she was owed increased support based on the child support guidelines and father's income, yet she could still hold father to his agreement allowing the move. However, the stipulation and the court order that resulted from it say nothing about future modifications and do not state how long the monetary terms would govern. Moreover, "[a]ny agreement the parties make with respect to child support is not binding on the court, and the parties cannot preclude or limit by agreement subsequent court modification of terms concerning child support." *Combs v. Tibbitts,* 148 P.3d 430, 434 (Colo. App.2006); *see In re Marriage of Miller,* 790 P.2d 890, 892–93 (Colo.App.1990) ("the parties may not preclude or limit the court's authority concerning child support"); *In re Marriage of Rosenthal,* 903 P.2d 1174, 1177 (Colo.App.1995) (a prior support order based on the stipulation of the parties is not binding in subsequent proceedings).

In addition, had mother chosen to return to court immediately following the move to Hawaii, the court certainly would have had the discretion under section 14–10–115(8)(e), C.R.S.2009, to deviate from the guidelines because, in light of the parties' previous agreements, the application of the guidelines might have been inequitable, unjust, or inappropriate. And, on remand, the trial court here may likewise consider whether deviation from the guidelines is warranted for similar reasons, *see Rosenthal,* 903 P.2d at 1177 ("a court is free to consider the terms of the previous order as a factor in determining whether rigid adherence to the guidelines is appropriate or whether deviation is warranted"), even though there is a rebuttable pre-

sumption that "a modification of child support must be granted whenever application of the child support guidelines would result in more than a ten percent change in the amount due." *Aldrich,* 945 P.2d at 1375 (quoting *In re Marriage of Pugliese,* 761 P.2d 277, 278 (Colo.App.1988)).

In addition, when the 2003 stipulation was incorporated into a court order, the "bargain" between the parties ceased to be enforceable as a "contract" term. *See Rosenthal,* 903 P.2d at 1176. In any event, father had the "benefit" of the $500 child support "bargain" for almost four years after the stipulation before mother filed the modification motion.

Accordingly, we reverse the trial court's order denying mother's motion to modify child support and remand with directions for it to consider mother's motion based on the order currently in effect as well as the parties' present circumstances. *See Lishnevsky,* 981 P.2d at 611; *see also In re Marriage of Laughlin,* 932 P.2d 858, 863 (Colo.App.1997) (the trial court is bound by the facts and circumstances of the parents and children as they exist at the time of the hearing).

In light of this determination, we need not consider mother's argument that the court misapplied the law of the case doctrine.

We do not view this appeal as frivolous or groundless and, therefore, deny father's request for fees. *See* C.A.R. 38(d).

The order is reversed and the case is remanded for further proceedings consistent with this opinion.

Judge GABRIEL and Judge BOORAS concur.