25CA0642 Marriage of Riding 04-09-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0642
El Paso County District Court No. 20DR30576
Honorable Chad Miller, Judge

In re the Marriage of

James Brett Riding,

Appellant,

and

Kelley Kay Riding n/k/a Kelley Kay Jensen,

Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE JOHNSON
Pawar and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 9, 2026

Law Office of Joel M. Pratt, Joel M. Pratt, Colorado Springs, Colorado, for
Appellant

Law Office of Greg Quimby P.C., Greg Quimby, Erica Vasconcellos, Colorado
Springs, Colorado, for Appellee

¶ 1     James Brett Riding (husband) appeals the district court's maintenance and child support rulings entered on remand from *In re Marriage of Riding*, (Colo. App. No. 22CA0225, Aug. 3, 2023) (not published pursuant to C.A.R. 35(e)) (*Riding I*).  We reverse these portions of the judgment and remand the case to the district court for further proceedings consistent with this opinion.

## I.     Background

### A.     Permanent Orders

¶ 2     Husband and Kelly Kay Riding, now known as Kelly Kay Jensen (wife), married in 2012, and they have two children.

¶ 3     The district court later dissolved their marriage in a bifurcated proceeding.  In May 2021, the court allocated parental responsibilities and ordered the children to reside primarily with wife, who was moving to Utah.

¶ 4     In November 2021, the court resolved the remaining financial matters.  When doing so, the court found that husband had not complied with his financial disclosure and discovery obligations, and it drew negative inferences against him pursuant to *In re Marriage of Sgarlatti*, 801 P.2d 18, 19 (Colo. App. 1990).  Then, the court divided the approximately $575,000 marital estate between

1

the parties. The court ordered husband to pay maintenance in the amount of $1,825 per month for a term of three years and seven months. It further determined that husband's child support obligation was $1,345 per month, and it ordered him to pay retroactive child support back to May 2021.

## B. *Riding I*

¶ 5 Husband appealed the district court's permanent orders. A division of this court affirmed in part and reversed in part. The division upheld the district court's valuation and division of the marital estate, as well as its decision to draw negative inferences against husband due to his incomplete financial disclosures and discovery responses. *Riding I*, slip op. at ¶¶ 22-23, 30, 36, 42, 60.

¶ 6 But the division reversed the district court's maintenance and child support awards, concluding that the court failed to make sufficient findings in support of its decisions. *Id.* at ¶¶ 61, 67, 69-70. The division remanded the case to the district court to reconsider those matters. *Id.* at ¶¶ 67, 69-70, 87. Specifically, it directed that, "[s]ince maintenance and child support awards are based on the parties' and children's financial circumstances at the time of the order, the district court must take new evidence on

remand." *Id.* at ¶ 71. It also directed that "[t]he court's new orders must be supported by specific factual findings." *Id.*

### C. Remand Proceedings

¶ 7  After the mandate, the parties discussed with the district court the scope of the remand proceedings, and they disputed the extent of "new evidence" they could present.

¶ 8  Wife argued that *Riding I* directed the district court to determine maintenance and child support based on the parties' circumstances *at the time of the order* and that this phrase referred to the original financial order from 2021. She explained that (1) at the November 2021 hearing, the district court drew negative inferences against husband based on his inadequate disclosures and discovery responses; (2) *Riding I* affirmed that determination; and (3) it would be inequitable for the district court to allow husband to present new evidence of his financial circumstances at the time of the remand. She thus argued that the district court must limit the presentation of evidence to the evidence it could have properly received at the November 2021 hearing and then supplement its original rulings on maintenance and child support with the findings it had failed to make in its original order. Wife

3

further explained that, in his appeal, husband sought to correct the court's original maintenance and child support rulings, and he should not be permitted to use the result of the appeal to modify those rulings. In her view, if husband's circumstances had changed, he needed to file a motion to modify the maintenance and child support obligations.

¶ 9 Husband believed the division's remand language directed the court differently. He argued that *Riding I* directed the district court to (1) redetermine maintenance and child support based on the parties' financial circumstances at the time of the new orders the court would enter on remand; and (2) take "new evidence" of the parties' present circumstances. He noted that, while the district court may consider the circumstances from the November 2021 hearing, almost three years had passed since that hearing, and the court needed to base its redetermination of maintenance and child support on the parties' circumstances at the time that the court was entering its new orders.

¶ 10 The court determined that "[t]he scope of the remand will be to issue new maintenance and child support orders retroactive to the original hearing date." It then ruled that "[f]or purposes of entering

these orders, [the] parties may introduce any exhibit that was" either "admitted" or "available and properly discovered prior to the initial hearing."

¶ 11 Accordingly, the evidence at the remand hearing was limited to the parties' financial circumstances at the time of the November 2021 hearing. Based on that evidence, the court made the findings that it had omitted from its original permanent orders and then reimposed the maintenance award and child support obligation it had issued in 2021.

## II. Standard of Review

¶ 12 We review de novo whether the district court correctly followed the law of the case. *See Owners Ins. Co. v. Dakota Station II Condo. Ass'n*, 2021 COA 114, ¶ 21; *Thompson v. Catlin Ins. Co. (UK) Ltd.*, 2018 CO 95, ¶ 22.

¶ 13 Under the mandate rule, a district court must follow the remand directions and law of the case established by an appellate court. *Owners Ins.*, ¶ 24; *see also Thompson*, ¶ 21 ("There is no dispute that a lower court must follow the law of the case as laid out by an appellate tribunal."). The district court has no discretion

to disregard binding appellate rulings. *Hardesty v. Pino*, 222 P.3d 336, 340 (Colo. App. 2009).

## III. Analysis

¶ 14 Husband contends that the district court's maintenance and child support rulings must be reversed. He argues that by limiting the presentation of evidence on remand to the exhibits that were either admitted or available and properly disclosed at the November 2021 hearing, the court failed to adhere to *Riding I*'s remand directions and the law on which it rested. We agree.

¶ 15 *Riding I* directed the district court to "take new evidence on remand," "reconsider" maintenance and child support, enter "new orders," and base its determination "on the parties' and children's financial circumstances at the time of the order." *Riding I*, slip op. ¶¶ 71, 87. Based on the plain language of these directions, and the context in which they were written, *Riding I* directed the district court to redetermine maintenance and child support based on the parties' *present* circumstances at the time of the remand. *Id.*; *cf. Ad Two, Inc. v. City & County of Denver*, 9 P.3d 373, 376 (Colo. 2000) (noting that we look at the plain language in the writing and construe it in harmony with the generally accepted meaning of the

6

words used); *Blecker v. Kofoed*, 672 P.2d 526, 528 (Colo. 1983) (recognizing that the same rules of interpretation apply to interpreting court orders as apply to interpreting other writings).

¶ 16     While the division's remand language generally referred to the "circumstances at the time of the order," it immediately clarified that the "court must take new evidence" and enter "new orders" supported by specific factual findings, meaning the court must take new evidence before entry of the new orders that would be issued on remand. *Riding I*, slip op. ¶ 71.  If, as the district court determined, *Riding I* had instructed the court to merely redetermine maintenance and child support at the time of the court's original "order," there would have been no need for the court to "take new evidence on remand." *Id.*  The parties already had the opportunity to present that evidence at the November 2021 hearing, and the court considered it when issuing the original permanent orders. *Riding I* thus instructed the district court to take new evidence on the parties' circumstances at the time of the remand hearing and the court's new orders.

¶ 17     The cases cited in *Riding I*'s remand directions and the legal standard a remand court must apply when reconsidering

maintenance and child support confirms this interpretation. "[W]here a new support order is to be made, both parties must be allowed to show their current circumstances," *In re Marriage of Foss*, 30 P.3d 850, 853 (Colo. App. 2001), and "shall be given a full opportunity to present all relevant evidence affecting these financial issues," *In re Marriage of Salby*, 126 P.3d 291, 301 (Colo. App. 2005).

¶ 18     When *Riding I* remanded this case to the district court, it relied on *In re Marriage of Wright*, 2020 COA 11, ¶ 24.  *See Riding I*, ¶ 71. *Wright*, which similarly reversed a district court's maintenance determination due to insufficient findings, instructed the district court on remand to "consider *the parties' current circumstances on remand*" because maintenance is based on the parties' financial circumstances at that time.  *Id.* at ¶ 24 (emphasis added); *accord In re Marriage of Kann*, 2017 COA 94, ¶ 79 ("[B]ecause maintenance awards are based on the parties' financial situations when such orders are entered, the trial court may take additional evidence of changed financial circumstances as it deems appropriate."); *In re Marriage of Nevil*, 809 P.2d 1122, 1123 (Colo. App. 1991) ("Awards of maintenance . . . must be based upon the parties' needs and

8

their circumstances at the time of the hearing rather than upon their past or future conditions."). Likewise, a district court's reconsideration of child support on remand must be based on "the parties' present circumstances." *In re Parental Responsibilities Concerning M.G.C.-G.*, 228 P.3d 271, 273 (Colo. App. 2010).

¶ 19 Wife attempts to save the district court's remand rulings by arguing that if, as we interpret *Riding I*'s remand language, the court had to base its decision "on the facts as they existed at the remand hearing[,] the court would be making orders to modify an existing order rather than to justify [its] original order." But *Riding I* reversed the court's original order on maintenance and child support, and it directed the court to enter new orders based on the parties' present circumstances. *See Wright*, ¶ 24; *M.G.C.-G.*, 228 P.3d at 273. By doing so, the district court does not modify husband's maintenance and child support obligations; it enters valid obligations in the first instance.

¶ 20 Thus, we agree with husband that the district court erred by limiting the evidence on remand to the exhibits from the November 2021 hearing. The court's decision was contrary to the remand directions from *Riding I* and improperly reimposed maintenance and

child support based solely on evidence of the parties' 2021 financial circumstances.

¶ 21    We therefore reverse the court's rulings concerning maintenance and child support.  On remand, the district court must take new evidence on the parties' circumstances at the time of the remand proceedings and make new maintenance and child support determinations based on those present circumstances.  *See Wright*, ¶ 24; *M.G.C.-G.*, 228 P.3d at 273.

## IV.    Remaining Issues

¶ 22    Given our disposition, we need not address husband's remaining contentions, including his argument that the district court "stretched the adverse inference [under *Sgarlatti*, 801 P.2d at 19] well beyond its intended legal purpose" to preclude him from presenting evidence on his current circumstances.  But we clarify that to the extent husband's nondisclosure of financial information prior to entry of the 2021 order becomes relevant to the court's reconsideration of maintenance and child support on remand in light of any new evidence presented by the parties, the court may consider husband's conduct along with any relevant evidence of the parties' present circumstances at the time of the remand.

## V. Conclusion

¶ 23   The district court's judgment concerning maintenance and child support is reversed.  We remand the case to the district court for further proceedings consistent with this opinion and *Riding I.* The district court must allow the parties to present evidence on their financial circumstances at the time of the remand hearing, and it must make new maintenance and child support determinations based on the parties' and the children's present circumstances at the time it enters its rulings on remand.  *See Wright,* ¶ 24; *M.G.C.-G.,* 228 P.3d at 273.  The court also must follow the procedures of sections 14-10-114 and 14-10-115, C.R.S. 2025, make the necessary factual findings, and provide a clear understanding of the basis of its determinations.  *See In re Marriage of Evans,* 2021 COA 141, ¶ 62; *Wright,* ¶ 23.

JUDGE PAWAR and JUDGE GOMEZ concur.